147 So. 361

STATE ex rel. VARNADO v. LOUISIANA
HIGHWAY COMMISSION et al.

No. 31986.

March 27, 1933.

Carter & Carter, of Franklinton, for appellant.

Lewis L. Morgan and A. S. Cain, Jr., both of New Orleans, and E. R. Stoker, of Baton Rouge, for appellees.

LAND, Justice.

On May 24, 1929, plaintiff suffered certain personal injuries in the parish of Washington through the negligence of an employee of the Louisiana Highway Commission.

By Act No. 25 of 1930, plaintiff was authorized to file suit in the district court of that parish on his claim for damages against the state of Louisiana, through the highway commission.

On April 20, 1930, plaintiff recovered judgment in the lower court against the highway commission for the sum of $5,658, with legal interest from judicial demand until paid. This judgment was affirmed by the Court of Appeal for the First Circuit, on appeal by the highway commission, 18 La. App. 624, 136 So. 771.

After the judgment became final, plaintiff made demands upon the chairman, the secretary, and the attorney of the highway commission for the payment of his judgment, principal, interest, and costs.

Upon refusal to comply with his demands, relator instituted in the district court at Baton Rouge, at the legal domicile of the highway commission, the present proceeding to compel the highway commission to issue a voucher in favor of relator, "against funds belonging to the highway commission," for the full amount of relator's judgment, with legal interest from judicial demand.

Respondent filed an exception of no right or cause of action, which was referred to the merits, and also a return to relator's rule to show cause why a writ of mandamus should not issue as prayed for.

The case was taken up on rule, evidence was adduced, and judgment rendered setting aside the alternative writ of mandamus issued herein, and rejecting relator's demand at his costs. From this judgment relator has appealed.

■ This court has repeatedly held that exceptions of no right or cause of action should not be referred to the merits, but should be acted on by the lower court, prior to decision on the merits of the case.

In line with the jurisprudence of this court, we shall first consider the exception of no right or cause of action upon which respondent relies.

It is provided in section 2 of Act No. 25 of 1930: "That said suit may be instituted before the District Court at the State Capital or the District Court of the Parish of Washington where the accident, injury and dam-

age is alleged to have occurred; that citation to answer said suit shall be served both upon the Chairman of the Highway Commission and the Attorney General; and should the final judgment rendered in such suit be against the State *such judgment shall be satisfied and paid by the Louisiana Highway Commission.*"

It is provided also in section 3 of Act No. 25 of 1930: "That the Louisiana Highway Commission may, upon concurrence and advice of the Attorney General, *settle the claim of the said Ronnie L. Varnado by compromise.*"

Section 22 of article 6 of the Constitution of 1921 declares that the general highway fund shall be derived from the following sources:

(a) An annual graded license tax upon all motor vehicles, as defined in that section.

"On gasoline, when sold in the State of Louisiana, there shall be levied a tax not to exceed two (2) cents per gallon, to be collected as may be prescribed by law.

"On all kerosene, or other explosives used for the generation of motive power, the Legislature may impose a tax to be collected as may be prescribed by law.

"The Legislature shall have the authority to pass to the general highway fund *any moneys derived from any other source.*

"(b) All funds for the account of the general highway fund shall be paid into the State Treasury.

"(c) *No debt shall be created,* or certificates of indebtedness or bonds issued, *to be paid in the future out of the proceeds realized from any State tax or license to be collected under and by virtue of this section,* or *imposed thereunder by the Legislature,* but the said licenses and taxes shall be collected from year to year *and expended for the purpose of the construction and maintenance of the system of State highways and bridges.*"

If it is intended by section 2 of Act No. 25 of 1930 that the judgment obtained by relator under this act shall be satisfied and paid by the highway commission out of any fund dedicated, by section 22 of article 6 of the present Constitution, to the construction and maintenance of the system of state highways and bridges, it is obvious, from the above prohibitory provisions of the organic law, that section 2 of Act No. 25 of 1930 would be unconstitutional, in so far as the provision for the payment, and satisfaction in that manner, of relator's judgment is concerned.

Since section 2 of Act No. 25 of 1930 makes no provision whatever as to the funds out of which relator's judgment shall be paid and satisfied, and as the Legislature has authority "to pass to the general highway fund any moneys *derived from any other source*" than from any state or license tax to be collected under section 22 of article 6 of the Constitution of 1921, or imposed thereunder by the Legislature, it is clear that funds derived from any other source and allocated to the general highway fund by the Legislature may be properly utilized by the highway commission for the payment and satisfaction of relator's judgment.

The reason, therefore, that relator's petition does not set out a right or cause of action in this case is that relator has failed

to allege that the highway commission has any funds outside of those dedicated to the construction and maintenance of the system of state highways and bridges by paragraph (c) of section 22 of article 6 of the Constitution of 1921.

■ The members of the Legislature are presumed to know the law, and not to intend to enact legislation that would be manifestly in contravention of constitutional prohibitions, and of no legal force or effect whatever.

■ It is also the duty of this court, if it may do so consistently, to interpret an act in a way that will uphold its constitutionality, rather than to strike it with nullity.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that respondent's exception of no right or cause of action be sustained, with reservation to relator of the right to amend his petition in the lower court so as to allege and prove, if he can, the existence of any fund belonging to respondent which may be liable for the payment and satisfaction of relator's judgment.

It is further ordered that this case be remanded for proceedings consistent with the views herein expressed.