This is an appeal from a judgment dismissing the suit of Sam L. Berteau against the Police Jury of the Parish of Ascension, Louisiana and the Board of Commissioners of the East Ascension Consolidated Gravity Drainage District No. 1.
The petitioner, a resident taxpayer of that part of the Parish of Ascension included in the East Ascension Consolidated Gravity Drainage District No. 1, brought this action against the Police Jury of the Parish of Ascension and the Board of Commissioners of the East Ascension Consolidated Gravity Drainage District No. 1, attacking the proceedings of said Police Jury in constituting itself the Board of Commissioners of the East Ascension Consolidated Gravity Drainage District No. 1, *Page 1005 
as well as the proceedings of said Board of Commissioners looking to the issuance of $205,000.00 of Drainage District Bonds. The petitioner prayed that the aforesaid proceedings taken by the Police Jury be declared illegal, null, void and of no effect.
Plaintiff contends that the Police Jury of the Parish of Ascension should have appointed Drainage Commissioners in accordance with the terms and provisions of the general statute covering consolidated gravity drainage districts, Act No. 212 of 1942. The defendant argues that by virtue of a special Act, No. 91 of 1948, § 3, the Police Jury of the Parish of Ascension has been constituted by law the "* * * ex officio * * * Board of Commissioners * * *" of the East Ascension Consolidated Gravity Drainage District No. 1.
The district court upheld defendant's contention and declared that Act No. 91 of 1948 superseded Act No. 212 of 1942, and that the action of the Police Jury is legal and proper. The plaintiff appealed.
The petitioner asserts that while it is true that Act No. 91 of 1948, § 3, provides that "* * * The Police Jury of the Parish of Ascension shall ex officio constitute the Board of Commissioners of such consolidated gravity drainage district * * *" this section further provides "* * * the Board of Commissioners of such consolidated districts * * * shall be appointed in accordance with law * * *", and plaintiff has construed this alleged ambiguity to mean that the provision *Page 1006 
"* * * in accordance with law * * *" has reference to the law as set out in the general statute, Act No. 212 of 1942, which provides for the appointment of five resident property taxpayers of the district, all of whom are to be registered voters. Defendant argues that the language "in accordance with law" merely means according to the law as anounced in the Act No. 91 of 1948.
To give plaintiff's interpretation of the Act effect, we must completely ignore the provision of Act No. 91 of 1948 which in positive terms declares that the Police Jury of Ascension Parish shall "ex officio constitute the Board of Commissioners".
Article 17 of the Revised Civil Code provides: "Laws in pari materia, or upon the same subject matter, must be construed with a reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another."
Act No. 91 of 1948 clearly states that the Police Jury of Ascension Parish shall ex officio constitute the Board of Commissioners; and the provision "in accordance with law" means the law provided by Act No. 91 of 1948. If the court were to adopt the construction as contended for by petitioner, the act would then provide for two methods of appointment, and this would be a commitment for an absurd or a ridiculous interpretation.
It has been well said in the case of State ex rel. Womack et al. v. Jones et al., 201 La. 637, 10 So.2d 213, 217, that *Page 1007 
"* * * The function of the courts of justice is to interpret the laws so as to give them the meaning which the lawmaker obviously intended them to have, and not to construe them so rigidly as to give them absurd or ridiculous meanings."
Act No. 212 of 1942 deals with a subject general in its terms; and the statute of the later date, Act No. 91 of 1948, deals with a specific subject and makes a clear and specific appointment, and the terms of that act are definite and conclusive as to its meaning. The two should be read by the court together and if there are any clauses that are dubious, they should be harmonized and a construction should be adopted, giving effect to a reasonable uniform legislative policy. The special and more recent act must prevail over the general and old enactment.
Article 16 of the Revised Civil Code provides: "Where the words of a law are dubious, their meaning may be sought by examining the context with which the ambiguous words, phrases and sentences may be compared, in order to ascertain their true meaning."
In Mayor etc. v. New Iberia Bayou Carlin Drainage District, 1901, 106 La. 651, 31 So. 305, 307, the commissioners of the New Iberia Bayou Carlin Drainage District ordered an election on the issue of imposing a special tax for drainage purposes. The Mayor and Board of Trustees of the Town of New Iberia sought to restrain the commissioners from holding *Page 1008 
the election, contending that as to a tax on property within the corporate limits of the town, the power to order such an election was vested in them. Previous to 1900, by various acts of the Legislature, the mayor and trustees of New Iberia were vested with authority, to the exclusion of the police jury, to administer the town's affairs. Act No. 12 of 1900 authorized police juries to establish drainage districts, and, with the governor, to appoint commissioners to manage their affairs, conferring upon such commissioners power to order the elections for the levying of the special tax authorized by Article 281 of the Constitution of 1898. The Act provided: "* * * the provisions of this section do not prevent the Police Juries of the various parishes including in a drainage district incorporated towns as a part thereof." Six days after the approval of the above Act, the governor approved Act No. 33 of the same session, which contained certain specific grants of power to the town authorities, among these being: "The Mayor and Board of Trustees of the town of New Iberia may sub-divide the city into drainage districts, and the said Mayor and Board of Trustees shall be ex-officio the drainage commissioners within these respective districts and which districts shall have all the rights and privileges ordinarily belonging to drainage districts under the general laws." Judgment was rendered in favor of the mayor and board of trustees, decreeing that the New Iberia Bayou Carlin Drainage District had no jurisdiction over the territory situated *Page 1009 
within the corporate limits of the town for the purpose of ordering elections for the imposition of taxes for drainage purposes. In considering the provisions of Act No. 33 of 1900, the court stated: "* * * It only remains to be stated that this provision * * * being a later and a special statute, necessarily controls in case of any conflict between it and the earlier and more general legislation to which we have referred." This holding fits the ruling in the instant case. "Non jus, ex regula, sed regula ex jure. The law does not arise from the rule (or maxim) but the rule from the law."
Act No. 91 of 1948 being a special statute, its provisions, and particularly Section 3 thereof, must control in case of any conflict between it and the earlier and more general legislative act, No. 212 of 1942.
The judgment of the district court is affirmed.