76 So.2d 387

## CITY OF NEW ORLEANS

### v.

**LEECO, Inc., et al., Intervention of Shirley G. Wimberly and Frank Herenski.**

**In re Shirley G. WIMBERLY and Frank Herenski.**

**No. 41961.**

*Nov. 8, 1954.*

Shirley G. Wimberly, Leo R. Wertheimer, New Orleans, for relators.

Henry B. Curtis, City Atty., Charles E. Cabibi, Asst. City Atty., Deutsch, Kerrigan & Stiles, Gerald J. Gallinghouse, New Orleans, for plaintiff in injunction and respondents.

McCALEB, Justice.

The main object of this protracted litigation, which began in 1951, is to restrain an asserted violation by defendants, Pittman Theatres, Inc. and T. A. Pittman, of the zoning ordinances of the City of New Orleans in operating the building of Pittman Theatres, Inc. as a motion picture theatre when part of the structure was located in an area restricted for residential purposes. The temporary restraining order originally issued was later dissolved by the trial judge, who, taking into consideration certain recommendations made by the City Planning and Zoning Commission respecting a contemplated change in the zoning laws in the area where the offense was committed, felt that no injustice would be done to anyone by permitting the continued nonconforming use of the premises until the corrective legislation was passed by the City Council. The City of New Orleans acceded to the district judge's denial of a preliminary injunction. However, two intervenors, Shirley G. Wimberly and Frank Herenski, allegedly residents and property owners in the vicinity of the theatre, applied to this court for and ob-

tained a writ of certiorari to review the ruling of the judge. After a hearing here, the writ was made peremptory, the restraining order reinstated and the case remanded for further proceedings consistent with the views we expressed. Those views were that, forasmuch as the defendants were violating the zoning ordinance of the city then in effect, the judge was without discretion in the matter and that the granting of a preliminary injunction was in order as long as the violation continued. See City of New Orleans v. Leeco, Inc., 219 La. 550, 53 So.2d 490.

· On the remand of the case, the trial court, on July 17, 1951, issued a preliminary injunction in accordance with the directions set forth in our decision.

. . . .
On July 3, 1953, the City of New Orleans adopted Ordinance No. 18,565 C.C.S. which revised and superseded the former zoning ordinance No. 11,302 C.C.S. In this new ordinance, the area in which defendants' building is situated was changed from "Residential A" district to "E-Neighborhood Shopping District" in which the operation of a motion picture show is sanctioned.

·. Thereafter, in February of 1954, defendants filed a rule in these proceedings for the city to show cause why the preliminary injunction of July 17, 1951 should not be dissolved so as to permit them to occupy, use and operate the building as a theatre. The rule issued and, on its return day, the city interposed several objections to the

requested relief based mainly on the alleged failure of the defendants to comply with all the building and safety regulations provided by ordinance. After hearing these complaints, the judge, not being satisfied that the structure was safe for public use, continued the hearing and appointed a civil engineer to examine the premises and report to him as to its condition. In due course, the engineer made an extensive examination of the premises and reported to the judge that certain work should be done in order to render the building conformable with the city ordinances. Thereafter, the defendants, under the direction of this engineer, made the repairs and improvements recommended by him. ·Upon completion of this work, the hearing in the case was resumed and, after the engineer testified that the building is now safe and substantially complies with all building and other regulatory ordinances of the city, the judge dissolved the preliminary injunction. Before this judgment became effective, the intervenors, Wimberly and Herenski, claiming irreparable injury, applied here again for summary relief and we issued a writ of certiorari for defendants and the trial judge to show cause why the latter's action should not be set aside.

The relators contend that the judgment dissolving the preliminary injunction is incorrect for two reasons (1) that, although the new zoning ordinance has reclassified the area in which defendants' property is located so as to permit the operation of

motion picture theatres therein, it contains a "savings" clause which renders it inapplicable to any pending case in which the provisions of the prior zoning ordinance had been breached (as in the case at bar) and (2) that defendants' structure does not comply with the requirements of the New Orleans Building Code or with the present zoning ordinance with reference to the proper number of off-street parking spaces to be provided by the theatre.

The defendants have opposed the issuance of the writ, alleging inter alia that it was improvidently granted for several reasons, which they set forth at length in their opposition. We, however, pretermit consideration of the grounds upon which defendants urge us to recall the writ, since an examination of the entire case has convinced us that the ruling of the trial judge dissolving the preliminary injunction is proper.

The first point of relators, that the new zoning law does not apply to this case, even though the area in which the violation occurred has been changed from "Residential A" to "E-Neighborhood Shopping", is not impressive. This contention is founded on two alleged "savings clauses" contained in Article XXIV, Section 4 of Ordinance No. 18,565 C.C.S. and Article XXXIV, Section 1, which read as follows:

"Article XXIV, Section 4. A structure erected, converted or structurally altered in violation of the provisions of the Ordinance which this Ordinance amends shall not be validated by the adoption of this Ordinance unless the zoning classification of the land upon which the zoning violation exists is changed to a classification wherein the uses permitted and the regulations of the district automatically eliminates the violation status of the use in question as of the effective date of adoption, provided however, that all suits at law or in equity and/or all prosecutions resulting from the violation of any zoning ordinance heretofore in effect, which are now pending in any of the Courts of this State, or of the United States, shall not be abated or abandoned by reason of the adoption of this Ordinance, but shall be prosecuted to their finality the same as if this Ordinance had not been adopted; and any and all violations of existing zoning ordinances, prosecutions for which have not yet been instituted, may be hereafter filed and prosecuted; and nothing in this Ordinance shall be so construed as to abandon, abate, or dismiss any litigation or prosecution now pending, and/or which may have heretofore been instituted or prosecuted."

"Article XXXIV, Section 1. All zoning ordinances or parts of zoning ordinances in conflict herewith are hereby repealed, provided, however, that all suits at law or in equity and/or all prosecutions resulting from the violation of any zoning ordinance heretofore in effect, which are now pending in any of the Courts of this State, or

of the United States, shall not be abated or abandoned by reason of the adoption of this Ordinance, but shall be prosecuted to their finality the same as if this Ordinance had not been adopted; and any and all violations of existing zoning ordinances, prosecutions for which have not yet been instituted, may be hereafter filed and prosecuted; and nothing in this Ordinance shall be so construed as to abandon, abate, or dismiss any litigation or prosecution now pending, and/or which may have heretofore been instituted or prosecuted."

The argument of relators is that the foregoing provisions, while validating the use of all structures which were violative of the prior ordinance in instances where the zoning classification of the land has been changed to a permissible use under the new ordinance, is not effective in cases where there has been a suit instituted for a previous violation which is still pending, as such suits and prosecutions must be pursued entirely under the old ordinance and without reference to the new one.

 In our view, this interpretation of the provisions above quoted is strained and not justified by a reasonable construction of the language contained therein.[1] The proviso that the validation of the former prohibited use under the old ordinance by the change of classification shall not abate prior suits or prosecutions simply manifests the intent of the City Council that previous law violation is not forgiven by the passage of the new ordinance and that all such cases are subject to prosecution to their finality under the old law. Thus, in the instant case, if the defendants have incurred any penalties or other liabilities by their violation of the former zoning law, they remain liable therefor despite the change effected by the new ordinance. But the language used in the proviso does not warrant a holding that, because of the previous violation which had been restrained, defendants are forever prohibited from using the building as a theatre when that use is now permissible in the area where it is located. To rule otherwise would require that we ascribe to the City Council a vindictive and unnatural motive and, aside from all other things, charge to it a design to discriminate between landowners similarly situated in violation of familiar principles of constitutional law.[2]

1. It is, of course, the duty of the Court to give the ordinance a reasonable construction. Smith v. Town of Vinton, 1946, 209 La. 587, 25 So.2d 237; Carrere v. Orleans Club, 1948, 214 La. 303, 37 So.2d 715; Berteau v. Police Jury of Parish of Ascension, 1949, 214 La. 1003, 39 So.2d 594; Webb v. Parish Council of Parish of East Baton Rouge, 1950, 217 La. 926, 47 So.2d 718.

2. It is our obligation to construe the ordinance in such manner as to avoid an unconstitutional result. Sample v. Whitaker, 1932, 174 La. 245, 140 So. 36; State ex rel. Varnado v. Louisiana Highway Commission, 1933, 177 La. 1, 147 So. 361; Lewis v. State, 1945, 207 La. 194, 20 So.2d 917; Jackson v. Coxe, 1945, 208 La. 715, 23 So.2d 312.

■ Nor do we find merit in relator's other contentions that defendants are violating the New Orleans Building Code and have failed to comply with the present zoning ordinance with respect to the number of off-street parking spaces to be provided by the theatre.

The record shows that, after the removal of a certain number of seats and the acquisition of additional property for parking, the Pitt Theatre now contains 696 seats and furnishes 87 parking spaces. This satisfies the requirement of the zoning ordinance (Article VI of No. 18,565 C.C.S.) that theatres shall provide "One parking space for each eight (8) seats in such theatre". The point made by relators in their brief that the computation should be based on the seating capacity of a theatre, as defined by the Building Code (Ordinance No. 17,525 C.C.S.; Article 103), is untenable as the parking requirements of the zoning law are calculated on the number of seats and not the seating capacity.

■ Relators further assert that the piling under the Pitt Theatre does not conform in size to the specifications of the New Orleans Building Code. But the record discloses that, at the time the theatre was constructed, the piling complied with requirements of the Building Code ordinance then in effect which is all that is necessary in the absence of a showing that the building has become unsafe. In this regard, Mr. J. P. Ewin, Jr., the building expert appointed by the court, testified that the pilings are adequate and safe and his opinion is not contradicted. Indeed, it is corroborated by Mr. Shilstone, another engineer, who stated that the piling complied with acceptable national standards. After all, the trial judge, following a patient and careful investigation of all of these complaints, found as a fact that the defendants had complied substantially with all of the city ordinances pertaining to the use and operation of the building as a theatre. We see no manifest error or abuse of discretion in his resolution.

Accordingly, the decision complained of is approved and affirmed and the rule issued herein is discharged at relators' costs.