REGAN, Judge.
Plaintiff, Taylor Seidenbach, Inc., a subcontractor, instituted this suit against defendant, George W. Healy, Jr., the owner of the property designated by municipal No. 2110 State Street in the City of New Orleans, endeavoring to have its lien and privilege recognized against the above property and to recover a personal judgment for the sum of $127.25.
Defendant .answered and denied that he was indebted unto plaintiff in any sum whatsoever and asserted that the affidavit creating the lien was not timely filed, that is, within sixty days of the last labor performed upon the property or material furnished therefor.
From a judgment dismissing plaintiff’s suit, it has prosecuted this appeal.
The record reveals that the plaintiff roofed a carport located upon the property of the defendant at the request of A & O Builders, who were general contractors employed to repair and renovate a certain portion of defendant’s residence. The contract between defendant and A & O Builders was never recorded nor was a bond furnished. When A & O Builders, the general contractor, failed to pay plaintiff, the sub-contractor, it recorded a lien in the mortgage office for the Parish of Orleans and then filed this suit for a personal judgment against the defendant and recognition of its lien against the above designated real estate.
The facts unequivocally reveal that the defendant had paid the A & O Builders in full, but that the latter became a bankrupt before the plaintiff, the sub-contractor, was paid.
The only question which this case poses for our consideration is whether the plaintiff timely filed its lien in conformity with *159 the requirements of the statute, that is, within sixty days of the last labor performed upon the property, or material furnished therefor?
The pertinent part of LSA-R.S. 9:4812 reads:
“When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account' of the owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required, then any person furnishing service or material or performing any labor on the said building * * * may record * * *■ a copy of his estimate or an affidavit of his claim * * * which recordation, if done within sixty days after the date of the last delivery of all material upon the said property or the last performance of all services or labor upon the same, by the said farnisher of material or the said laborer, shall create a privelege upon the building * * *. Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or sub-contractor when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim for a period of one year from the filing of his claim * * (Italics ours.)
Plaintiff, while conceding that the foregoing statute must be strictly construed, insists that it has proved that the last labor was performed upon the property on Saturday, December 4, 1954, and that the lien was filed exactly within sixty days thereof, or on February 1, 1955. The date of December 4, 4954 obviously is a very crucial fact that plaintiff has to establish.
Defendant, on the other hand, denies that any labor was performed upon his property on December 4, 1954, but if any labor was performed upon his property on that date it simply consisted of “mere retouching and correction of defects” which work does not constitute the “last labor performed” or “last service or material furnished” as statutorily interpreted by the existing jurisprudence.
We have carefully evaluated all of the evidence appearing in the record and we are convinced that no labor was performed upon plaintiff’s property on December 4, 1954; but assuming’arguendo that labor was performed thereon, on the crucial day of Saturday, December 4th, a view which plaintiff believes is most favorable to its case, then we are of the opinion that the work which was done on .that date did not constitute last work within the contemplation of the statute nor the existing -jurisprudence interpretative thereof.
William IT Johnson, the painting subcontractor for A & O Builders, and his employee, Luther A. Eldness, appeared as witnesses on behalf of plaintiff and laboriously endeavored to substantiate plaintiff’s ' claim against the defendant. Johnson testified that Eldness started painting upon defendant’s property on November 10, 1954, and worked there until November 26, 1954; that the work was then “practically complete” because on December 4, 1954, “it took the man (Eldness) approximately two hours actual work to complete it.” Eldness testified that he visited defendant’s premises on the first Saturday of December at about 8:00 a. m. and completed his work .before noon. He asserted that the nature of his work consisted of painting a small table located in the laundry room — retouching with paint above “the tile by pantry sink” — that paint film'-was broken near the light switches in the ■ laundry room and he “touched those up” and finally he related “I done one side of the screen door, put one coat on it. That’s all I remember.”
Robert Oelsner, one of the partners of A & O Builders and significantly, also one" of plaintiff’s witnesses, testified that *160 on February 4, 195S, in response to a request from the defendant, he wrote to him:
“The work was completed by us in late November, at which time ybu accepted the job. However, you stated that you wanted the steps leading to the kitchen rebricked. We then got another bricklayer who performed this work' to your satisfaction. This new bricklayer completed, the work on- November 29th, 1954. As of that date, you accepted the job.”
Oelsner related that the information contained in the foregoing letter was predicated upon the records of A & O Builders.
Thus it is quite clear that both the defendant and the general contractor, .A & O Builders, considered the contract complete in the latter part of November.
The evidence established the fact that the defendant was sent and did receive from the A & O Builders a complete statement reflecting the final cost of the work performed upon his residence on December 1, 1954. In order for Johnson, Eldness’ employer, to have been paid, and he admitted that he had been, it was necessary that the cost of his work be included in the statement sent to the defendant by the general contractor, A & O Builders, and since Johnson testified that he did not render a statement for a job, such as this one, until after its completion, we may, therefore, fairly conclude that Johnson also considered, for all practical purposes, that the work had been completed. In substantiation thereof the record .reflects that all of the painting contractor’s equipment was removed from defendant’s residence also in the latter part of November., 1954.
In the case of Hortman-Salmen Co. v. White, 1929, 168 La. 1067, 123 So. 715, 716 the organ of the Court, in .discussing the ramifications of Act 298 of 1926, Sec. 12, now LSA-R.S. 9:4812 wrote:
“Of necessity, some time must be fixed for the recordation of building liens to make them fully effective. Cf. Capital Building & Loan Association v. Carter, 164 La. 388, 393, 113 So. 886, and Gleissner v. Hughes, 153 La. 133, 138, 95 So. 529. The statute fixes the time, where no contract was entered into or recorded, at within sixty days from the last labor done on the building or the last service or material furnished. Within the contemplation of the statute, the last labor is one and the last service or material is furnished prior to the time the building is considered or treated as completed. The correcting of defects, which may appear from time to time in the work, after the building is considered and treated as completed, are not to be counted or deemed as part of the labor contemplated by the statute, in fixing the time, nor should material or services furnished for that purpose be so regarded. Were they so counted, the time within which to record liens might linger indefinitely, depending upon whether defects in the work came to light and were corrected, and the rank of mortgages and other claims against the property might be displaced unreasonably and unexpectedly.” (Italics ours.)
The rationale of the foregoing casé has been consistently followed by a long line of similar decisions emanating from the judicial mint as part of the coinage of the realm, the most recent of which is Cain v. Central Plumbing and Heating Co., La.App. 1956, 85 So.2d 376 and Schwartz Supply Co., Inc., v. Zimmerman, 1955, 228 La. 861, 84 So.2d 438.
We aré of the opinion that the work performed by Eldness may be characterized in no- other way than its very nature implies, that of “retouching” or “the correcting of defects” which does not .constitute “last labor performed” within the contemplation of the statute as interpreted by the existing jurisprudence.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part