CHASEZ, Judge.
This is an appeal from the dismissal of the petition to be made parties plaintiff filed herein by Herbert Rope, Jr., and June Rose Rope for the purpose of prosecuting the cause of action filed by their parents, Rev. Herbert B. Rope, Sr., and Mrs. Lydia Rope.
The record in this matter discloses the following uncontroverted facts:
On January 25, 1964, an automobile accident occurred in which Mrs. Lydia Rope was injured. The owner and operator of the car in which she was a passenger was Sherwood Marvin. On January 25, 1965, Rev. Herbert B. Rope, Sr., Mrs. Lydia Rope, his wife, and Sherwood Marvin filed suit against Toye Brothers Yellow Cab Company demanding the sum of $5,000.00 for injuries sustained by Mrs. Rope and $574.00 for medical expenses and X-rays claimed by Rev. Herbert B. Rope, Sr., as head and master of the community; Sherwood Marvin demanded $181.00 for damages to his automobile. On April 27, 1967, answers were filed by Toye Brothers Yellow Cab Company to the suit of plaintiffs denying liability, and in addition thereto the defendant, Toye Brothers Yellow Cab Company sued the Employers’ Liability Assurance Corp., Ltd., by third-party proceedings as the insurer of Sherwood Marvin.
*197 On January 4, 1966, approximately two years after the occurrence of the accident sued on, the Rev. Herbert B. Rope and his wife, Mrs. Lydia Rope, were killed in an automobile accident entirely unrelated to the accident sued on. On September 22, 1967, approximately one year and seven months after the death of Rev. Herbert B. Rope and his wife, Herbert B. Rope, Jr., and June Rose Rope, alleging that they are the only legal heirs of Herbert B. Rope, Sr., and Lydia Rope, their parents, filed a proceeding to be substituted as parties plaintiff herein in lieu of their parents and asked for judgment in their favor as originally prayed for by their parents.
On September 22, 1967, the Toye Brothers Yellow Cab Company and third-party defendant, the Employers’ Liability Assurance Corp., Ltd., filed a peremptory exception asking for the dismissal of the suit filed by Rev. Herbert B. Rope and Lydia Rope, his wife, alleging that no legal successor or proper parties were substituted for the deceased plaintiffs within one year from the date of their deaths and, therefore, the rights of anyone to recover for the alleged damages caused by the accident is perempted under the provisions of article 2315 of the Civil Code. In addition to the peremption exception filed herein Toye Brothers Yellow Cab Company, further excepted to the pleading filed by Herbert B. Rope, Jr., and June Rose Rope on the grounds that it failed to state a right or cause of action and that prescription tolled, and the further ground that said petition was untimely filed without leave of court. The exceptions were set for trial and tried on November 3, 1967.
The court a qua rendered a judgment in favor of the defendants, Toye Brothers Yellow Cab Company and the Employers’ Liability Assurance Corp., Ltd., and against Herbert B. Rope, Jr., and June Rose Rope, dismissing their petition to be made parties plaintiff in the action brought by their parents, Rev. Herbert B. Rope, Sr., and Mrs. Lydia Rope. From this judgment Herbert B. Rope, Jr., and June Rose Rope have appealed.
The only question presented to us for determination in this matter is whether Herbert B. Rope, Jr., and June Rose Rope are entitled to make themselves plaintiffs in lieu of their parents under the provisions of article 2315 of the Civil Code of Louisiana when the action sought was filed approximately 21 months after the date of the death of their parents. The district court held that they did not have such a right and dismissed their suit. In this conclusion the district court was correct.
Article 2315 of the Civil Code provides, in pertinent part, as follows:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
“The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
“The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either * * (Emphasis supplied.)
Thus it will be seen that while the children of the decedents were accorded the right to prosecute a suit for the personal injuries to their parents this right subsisted for a period of one year from the date of the death of their parents; since more than a year elapsed from the date of the death of their parents prior to their application to the court to proceed with the suit which had been filed, their claim perempted, their rights were lost and the suit abated. The judgment of the court, therefore, in all respects will be affirmed.
Affirmed.