TOBIAS, J.,
concurs and assigns reasons.
Iil respectfully concur and assign reasons.
I.
I first note, lest someone overlook the issue, that we are not deciding that the plaintiff can recover from any defendant for damages related to TENORM or NORM. We are only deciding the issues of whether La. C.C. art. 2315.1 provides a prescriptive or peremptive period[1] and whether the plaintiffs petition states a cause of action for exemplary damages.
Secondly, my view of the issues before us is significantly colored by the history of article 2315.1, which, in my view, makes it clear that the issue of whether article 2315.1 is prescriptive or peremptive is an exceedingly close question.
*558 Although it may be premature to determine whether La. C.C. art. 2315.1A is per-emptive and not prescriptive, I find the issue ripe for decision because a | ^definitive interpretation of the codal article will determine whether the parties must proceed with further extensive and expensive litigation.
II.
Although the Louisiana Supreme Court has indicated that “legislators are presumed to know the law,” State ex rel. Varnado v. Louisiana Highway Commission, 177 La. 1, 7, 147 So. 361, 362 (La.1933), I find as a general principle that when the legislature chooses one word over another in a law, the word used means exactly what an ordinary definition of that word means. A court, in my view, should generally give the generally accepted definition to a word (La. R.S. 1:2-3; La. C.C. art. 9), and if the legislature meant something else, then it can amend the law and change the word. To me, prescription should mean prescription and not mean peremption.
In my study of the issue presently before us, unlike the majority, I attach more significance to the legislative and jurisprudential history of article 2315.1. That history begins with La. C.C. art. 2315, where the survival action was first created in the Revised Civil Code of 1870.
Article 2315 of the Revised Civil Code of 1870 provided:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the minor children and widow of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, for the space of one year from the death. [Emphasis supplied.]
Amendments in 1884 amended and reenacted the article to read as follows:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the minor children or widow of the deceased, or either of them, and in default of these, in favor of the surviving father and mother, or either of them, for the space of one year from the death. The survivors above | ^mentioned may also recover the damages sustained by them by the death of the parent or child, or husband or wife, as the case may be.
A 1908 amendment amended and reenacted this article to read as follows, in pertinent part:
Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children or widow of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the space of one year from the death; provided, that should the deceased leave a widow together with minor children, the right of action shall accrue to both the widow and minor children; provided further, that the right of action shall accrue to the major children only in those cases where there [is] no surviving widow or minor child or children.
The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters *559 as the [case] may be. [Emphasis supplied.]
In 1918, an amendment changed this article to read the same as the 1908 version, except that the words “widow” and “surviving widow” were replaced with “surviving spouse.”
A 1982 amendment amended and reenacted this article to read as follows:
Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children, including adopted children, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters, or either of them, for the space of one year from the death; provided that should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and minor children; provided further, that the right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children.
If the above right of action exists in favor of an adopted person, such right of action shall survive in case |4of death in favor of the children or spouse of the deceased, or either of them, and in default of these in favor of the surviving adoptive parents, or either of them, and in default of any of the above persons, then in favor of the surviving children of the adoptive parents, or either of them, and in default of these in favor of the surviving father and mother of the adopted person, or either of them, and in default of these, then in favor of the surviving brothers and sisters of the adopted person, or either of them, for the space of one year from the death.
The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters or adoptive parent, or parents, or adopted person, as the case may be. [Emphasis supplied.]
Section 2 of the amendatory Act of 1932 repealed all laws or parts of laws that may have been in conflict.
The 1948 amendment amended and reenacted this article to read as follows:
Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of his action shall survive in case of death in favor of the children, including adopted children and children given in adoption, or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving blood brothers and sisters, or either of them, for the space of one year from the death. However, should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and the minor children. The right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children.
If the above right of action exists in favor of an adopted person, it shall survive in case of death in favor of the children or spouse of the deceased, or either of them, and in default of these in favor of the surviving adoptive parents, or either of them, for the space of one year from the death. However, this right of action shall survive in favor of the blood parent or parents to the exclu *560 sion of the adoptive parent or parents when at the time of the adoption the adopted was a major, or emancipated minor whose adoption was effected without the consent of the blood parent or parents evidenced in the act of adoption. In default of these, it shall survive in favor of the surviving blood brothers and sisters of the adopted person, or either of them, for the space of one year from the death.
| -The survivors above mentioned may also recover damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters or adoptive parent, or parents, or adopted person, as the case may be. [Emphasis supplied.]
Section 2 of the amendatory act that once again repealed all laws or parts of laws in conflict therewith.
La. Acts 1960, No. 30, § 1, amended and reenacted the article and article heading to read as follows:
Art. 2815. Liability for acts causing damage; survival action
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words “child”, “brother”, “sister”, “father”, and “mother” include a child, brother, sister, father and mother by adoption, respectively. [Emphasis supplied.]
Other sections of the amendatory act of 1960, in addition to specifically repealing a number of articles, again repealed all laws or parts of laws in conflict | fiof inconsistent with the act and made the act effective 1 January 1961, contingent upon the adoption of the Code of Civil Procedure [La. Acts 1960, No. 15].
La. Acts 1982, No. 202, amended Article 2315 to read as follows:
Art. 2315. Liability for acts causing damage; survival action
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the *561 death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words “child”, “brother”, “sister”, “father”, and “mother” include a child, brother, sister, father and mother by adoption, respectively. [Emphasis supplied.]
The 1984 amendments to article 2315 substituted “damages” for “damage” in the article heading and added in the third paragraph, a second sentence:
As used in this Paragraph, property damages may include expenses or monetary obligations necessarily incurred by the obligee on account of such offense or quasi-offense; however, if the obligee is survived by any beneficiary enumerated in the following Paragraph of this |7Article, such expenses or obligations shall be recoverable by said beneficiaries.
In the third sentence of the fourth paragraph, the word “the” following the words “right to recover” was deleted. Pursuant to the statutory revision authority of La. R.S. 24:253, the Louisiana State Law Institute made the following paragraph and subparagraph designations to Article 2315, as amended in 1984:
Art. 2315. Liability for acts causing damages; survival action
A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
C. (1) The right to recover damages to property caused by an offense or quasi-offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
(2) As used in this Paragraph, property damages may include expenses or monetary obligations necessarily incurred by the obligee on account of such offense or quasi-offense; however, if the obligee is survived by any beneficiary enumerated in the following Paragraph of this Article, such expenses or obligations shall be recoverable by said beneficiaries.
D. (1) The right to recover all other damages caused by an offense or quasi-offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of:
*562 (a) the surviving spouse and child or children of the deceased, or either such spouse or such child or children;
(b) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and
(c) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(2) The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased.
(3) A right to recover damages under the provisions of this Paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
lnE. As used in this article, the words “child”, “brother”, “sister”, “father”, and “mother” include a child, brother, sister, father and mother by adoption, respectively. [Emphasis supplied.]
La. Acts 1986, No. 211, amended this article and enacted new La. C.C. arts. 2315.3 (the survival action) and 2315.4 (the wrongful death action). Act 211 severed the provisions dealing with the survival action and the wrongful death action from article 2315 and transferred the language into those new articles. Pursuant to La. Acts 1986, No. 211, Article 2315.3, as originally enacted, provided the following:
Art. 2315.3. Survival Action
If a person who has been injured by an offense or quasi-offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi-offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children;
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving; and
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent living.
In addition, the right to recover medical expenses and funeral expenses only may be urged by the decedent’s succession representative in the absence of any class of beneficiary set out in the preceding Paragraph.
The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
As used in this Article, the words “child”, “brother”, “sister”, “father”, and “mother” include a child, brother, sister, father, and mother, by adoption, respectively. [Emphasis supplied.]
Articles 2315.3 was redesignated as article 2315.1 pursuant to the statutory revision authority of the Louisiana State Law Institute to as follows:
Art. 2351.1. Survival Action
|;A. If a person who has been injured by an offense or quasi-offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi-offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children;
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving; and
*563 (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
B. In addition, the right to recover medical expenses and funeral expenses only, may be urged by the decedent’s succession representative in the absence of any class of beneficiary set out in the preceding Paragraph.
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
D.As used in this Article, the words “child”, “brother”, “sister”, “father”, and “mother” include child, brother, sister, father, mother by adoption, respectively. [Emphasis supplied.]
This is the version of the statute that was in effect at the time of Mr. Hicks’ passing and is the law applicable to the cause of action at issue in this case.[2]
*564 In Louisiana courts have previously held the above emphasized language of the former article 2815 and/or the present article 2815.1 A to be peremptive. See, e.g., Barber v. Employers Ins. Co. of Wausau, 11-0357, pp. 7-9 (La.App. 1 Cir. 6/28/12), 97 So.3d 454, 462-63; Adams v. Asbestos Corp., Ltd., 41,028, pp. 4-5 (La.App. 2 Cir. 5/17/06), 930 So.2d 342, 344-45; Courtland v. Century Indemnity Co., 00-333, p. 10 (La.App. 5 Cir. 10/18/00), 772 So.2d 797, 801; Jones v. PhilcoFord Corp., 452 So.2d 370, 372 (La.App. 1st Cir.1984); Harris v. Guardian Funds, Inc., 425 So.2d 1322, 1324 (La.App. 4th Cir.1983); McClendon v. State, 357 So.2d 1218, 1223 (La.App. 1st Cir.1978); Marvin v. Toye Bros. Yellow Cab. Co., 214 So.2d 196, 197 (La.App. 4th Cir.1968); Succession of Roux v. Guidry, 182 So.2d 109, 110 (La.App. 4th Cir.1966); Miller v. American Mut. Liability Ins. Co., 42 So.2d 328, 220 (La.App. 1st Cir. 1949); see also Ashcroft v. Louisiana Coca-Cola Bottling Co., Ltd., 658 F.Supp. 772 (E.D.La.1987). This is not necessarily an unreasonable interpretation because (a) the former article 2315 did not use the word, or a derivative of the word, “prescription;” (b) the language sounds per-emptive because the legislature states that the cause of action “shall survive for a period of one year;”[3] and (c) the cause of action for damages belonging to the decedent could have been asserted by the deceased before his death, but was not, and the decedent’s survivors by statute were granted the right to assert it for one year from the decedent’s death. Stated another way, the article suggests that a cause of action for the injured person could be asserted during the |i2injured person’s lifetime (subject to the La. C.C. 3492 prescriptive period) and the injured person’s survivors had but one year to assert the cause of action following the deceased’s death if the injured person did not timely assert the cause of action during his/her lifetime.
III.
La. C.C. art. 2315.1C states:
The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article. [Emphasis supplied.]
As noted above, it became law by virtue of by La. Acts 1986, No. 211, § 2, and became effective on 15 August 1986. Article 2315.1C appears to have been taken from La. C.C. art. 2315D (3); article 2315D was repealed when article 2315.1 was added to the Civil Code.
The question then becomes whether the legislature by using the words “prescriptive period” in article 2315.1C consciously intended to overrule the jurisprudence *565 that had interpreted the language of article 2315A as a peremptive period?
A more extensive examination of the legislative history of La. Acts 1986, No. 211, shows the following:
First, that which became Act 211 began its legislative journey as Senate Bill No. 130. The Louisiana Legislative Council’s comments to the bill, as filed, notes in pertinent part:
New laiu retains the prior law.
Neio laiu deletes from C.C. Art. 2315 those provisions in the prior law regarding the survival of an action for damages for damages and damages for wrongful death but adds C.C. Arts. 2315.3 and 2315.4....
|13 Ambiguity exists in what the comment “Neio law retains the prior law” means. That is, does the word “law” refer solely to the statutory law or does it reference both statutory law and jurisprudential interpretation of the statutory law? If the Legislative Council meant that no change was made in the literal language of the first paragraph of article 2315.1,[4] then one could presume that the addition of the word “prescriptive” to the third paragraph of article 2315.1[5] retained the old law. But if the Legislative Council meant both statutory law and jurisprudential interpretation thereof, then the addition of the word “prescriptive” in the third paragraph changed the law. One would presume that the Legislative Council researched the jurisprudence. I have personal doubts as to whether the Legislative Council knew when drafting the comment that the prior interpretation of article 2315D(1) was that the one year period was peremptive; I think the author of the comment merely meant that no change was made in the literal language of the law. By using the words “prescriptive period defined in this Article,” I think the author of the bill understood the one year period to be merely prescriptive without consideration of the jurisprudence that interpreted the language as peremptive. My review of the published comments and summaries attached to the bill as at it proceeded through the legislative process sheds no light on the issue.
I choose to rely on the literal language used in the law, to-wit, “prescriptive” meant prescriptive and not peremptive. The law was changed.[6]
_kiv.
Regardless of whether article 2315.1 is prescriptive or peremptive, the error of the trial court once it sustained the exception of no cause of action was not following the mandates of La. C.C.P. art. 934 and directing that the plaintiff be permitted to amend the petition to allege when Mr. Hicks’ cancer was diagnosed, when Mr. Hicks came into contact with TENORM, and the source of the TENORM after 3 September 1984, the date that the former Civil Code article on exemplary damages became effective. I agree with the remand of this matter to the trial court to require the plaintiff to allege more facts concerning Mr. Hicks’ diagnosis of cancer and the dates between 4 September 1984 and 27 December 1986 when Mr. Hicks *566 could have come into contact with TE-NORM.[7]

. Noting the history of the discovery of TE-NORM as set forth in Grefer v. Alpha Technical, 02-1237, pp. 1-6 (La.App. 4 Cir. 3/31/05), 901 So.2d 1117, 1124-26, it appears that the plaintiff will have a difficult time proving that it is more likely than not that Mr. Hicks came into contact with TENORM while working at an oilfield pipe cleaning operation before his 1986 death. Approximately 27 years after Mr. Hicks’ death, it is certainly questionable that records still exist to show that oilfield TENORM-contaminated pipe was cleaned at a site that Mr. Hicks frequented and that Mr. Hicks' illness was more likely than not caused by TENORM and not some other thing or reason.

. For completeness, the post-1986 amendments are as follows:
A 1987 amendment to article 2315.1, in paragraph B, substituted "all damages for injury to the decedent, his property or otherwise, caused by the offense or quasi offense,” for "medical expenses and funeral expenses only”.
Art. 2351.1. Survival Action
A. If a person who has been injured by an offense or quasi-offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi-offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children;
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving; and
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
B. In addition, the right to recover all damages for injury to the decedent, his property or otherwise, caused by the offense or quasi offense, may be urged by the decedent’s succession representative in the absence of any class of beneficiary set out in the preceding Paragraph.
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
D. As used in this Article, the words "child”, "brother”, "sister", "father”, "mother" include child, brother, sister, father, mother by adoption, respectively. Article 2315.1 was last amended in 1997.
The 1997 amendments include: (a) in paragraph A, dehyphenated "quasi offense” following "offense or” twice in the introductory paragraph, in subparagraph A(3), substituted "; and” for the period at the end of the subparagraph, and added subparagraph (4); (b) in paragraph B, substituted "deceased” for "decedent” and "deceased's” for "decedent’s”; (c) in paragraph D, deleted “and” preceding "mother” and inserted ", 'grandfather', and ‘grandmother’ ” following "mother” in two instances; and (d) added paragraph E. Additionally, pursuant to the statutory revision authority of the Louisiana State Law Institute, a period was substituted for the punctuation at the end of subparagraphs A(l) to (3) and "and” was deleted from the end of subparagraph A(3); and in paragraph B, "Paragraph A” was substituted for "the preceding Paragraph”. Article 2315.1 currently reads:
Art. 2315.1. Survival Action
A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or child surviving.
*564 B. In addition, the right to recover medical expenses and funeral expenses only, may be urged by the deceased’s succession representative in the absence of any class of beneficiary set out in Paragraph A.
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
D. As used in this Article, the words ''child”, "brother”, "sister”, "father”, “mother”, "grandfather”, and "grandmother” include child, brother, sister, father, mother, grandfather, grandmother by adoption, respectively.
E.For purposes of this Article, the words “child”, "brother", "sister”, "father”, "mother”, "grandfather”, and "grandmother” include child, brother, sister, father, mother, grandfather, grandmother by adoption, respectively.

. See Guillory v. Avoyelles Ry. Co., 104 La. 11, 15, 28 So. 899, 901 (1900); and Guidiy v. Theriot, 377 So.2d 319, 325 (La.1979) (repudiated on other grounds in Louviere v. Shell Oil Co., 440 So.2d 93, 97 (La.1983)).

. Actually, article 2315.3 in the act.

. Ibid.

. When the Louisiana State Law Institute re-designated the originally enacted article 2315.3 as article 2315.1, it added the letter designations to the paragraphs, which obfuscated the interconnection of the four paragraphs in the original article. This reinforces the argument that a change was made in the law to make article 2315.1 prescriptive as opposed to peremptive.

. Of course, such information can be simply determined in discovery and the matter addressed in a motion for partial summary judgment without impacting or implicating the issues of prescription or preemption.