OVERTON, J.
 

 Plaintiff is the owner of a promissory note for $23,649.60, secured by a notarial act of mortgage, executed by defendant on July 23, 1927, in favor of plaintiff, on certain real property in New Orleans. The mortgage was recorded on July 28, 1927. A building was erected on the property by defendant in the same year in which the mortgage was executed and recorded. Various liens, growing out of the construction of- the building, were recorded against it and the lot on which it was built.
 

 Plaintiff foreclosed its mortgage, and, after the foreclosure sale, the civil sheriff of the parish of Orleans ruled the mortgage and lien claimants into court to have it determined how the proceeds of the sale should be distributed. Among these claimants were the Veith Supply Company, Inc., which was the owner of a claim for $848.27, for material furnished for the construction of the building, and the Harry Bros. Company of Louisiana, Inc., which was the holder of a claim for $259.29, for material furnished for the same purpose. Judgment was rendered in favor of plaintiff, recognizing its right to be paid by preference over both the Veith Supply Company, Inc., and the Harry Bros. Company of Louisiana, Inc., as a result of which both have appealed.
 

 On the trial of the case, it was admitted “that the claims of materialmen, as set forth in their recorded claims, are due and owing, and that the material was furnished and used in the building, and that the recordations were made on the dates set forth on the mortgage certificate.” It was also admitted on the trial of the case that plaintiff’s mortgage had been reduced to $10,351.53, with 8 per cent, per annum interest thereon from July 23, 1927, and 10 per cent, attorney’s fees on the principal and interest.
 

 It is urged by plaintiff that it does not appear that the claims of either the Veith Supply Company, Inc., or the Harry Bros. Company of Louisiana, Inc., were recorded in time to preserve their privileges, and hence it is contended that neither has a privilege to urge against its mortgage.
 

 As the building was erected in 1927, the rights of the parties are governed by Act No. 298 of 1926. Section 12 of that act is peculiarly , applicable to their rights, for no contract was recorded for the erection of the building. This section, so far as pertinent to the question now before us, reads as follows :
 

 “When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the said owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required by this act, then any person furnishing service or material or performing, any labor on said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which said work’is being done or has been done a copy of his estimate or an affidavit of his claim or any other writing evidencing - same, which recordation, if done within sixty days after the date of the last delivery of all material upon said property or the last performance of
 
 *1072
 
 all services or labor upon the same; by said furnisher of material or said laborer, shall create a lien and privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work of improvement, as his interest may appear.”
 

 What is meant by the statute, as relates to the recordation of claims, where no contract has been entered into or recorded, is that the claim must be recorded by the claimant within sixty days after the date of the last delivery of material, or the last service performed or labor done, to complete the work, and that, unless recorded within that time, the privilege is lost. The burden is upon the lien claimant to show that his lien was timely recorded.
 

 The admission, quoted above, and made at the commencement of the trial, contains nothing Justifying the inference that the claim, though due, was timely recorded. The evidence taken, touching the matter, discloses that some time between October 18 and 22, 1927, a tenant moved into the building, at which time the building was considered completed. This was from 82 to 86 days before the liens of the furnishers of material were recorded, the recordation having been made on January 12, 1928. Thereafter, the exact date not appearing, though “quite a little while” after the tenant moved in, some defect appeared in the working of the electrical wiring, and this was corrected by Gibson, the electrician. About November 1, 1927. which was more than sixty days before the liens were recorded, some tiling was cleaned. In January, 1928, defendant informed Pazos, the plumber, who had done the plumbing work on the building, that there was a leak in the roof. The plumber purchased about $2.50 worth of material to correct the leak, went to the building, and did about two hours’ work to remedy the defect.
 

 Of necessity, some time must be fixed for the recordation of building liens to make them fully effective. Cf. Capital Building & Loan Association v. Carter, 164 La. 388, 393, 113 So. 886, and Gleissner v. Hughes, 153 La. 133, 138, 95 So. 529. The statute fixes the time, where no contract was entered into or recorded, at within sixty days from the last labor done on the building or the last service or material furnished. 'Within the contemplation of the statute, the last labor is done and the last service or material is furnished prior to the time the building is considered or treated as completed. The correcting of defects, which may appear from time to time in the work, after the building is considered and treated as completed, are not to be counted or deemed as part of the labor contemplated by the statute, in fixing the time, nor should material or services furnished for that purpose be so regarded. Were they so counted, the time within which to record liens might linger indefinitely, depending upon whether defects in the work came to light and were corrected, and the rank of mortgages and other claims against the property might be displaced unreasonably and unexpectedly.
 

 As the furnishers of material did not record their claims within 60 days after the last labor was done or the last material furnished, within the contemplation of the statute, our conclusion is that they have lost their privileges, and therefore have, none to assert against plaintiff’s mortgage. As to whether plaintiff’s- mortgage was recorded before or after the commencement of the work is of no importance here, as it was in case No. 29530, bearing the same title as this case, and this day decided, 123 So. 709,
 
 [1]
 
 since
 
 *1074
 
 the furnishers of material here have no privileges to assert against plaintiff’s previously recorded mortgage.
 

 Plaintiff, in its answer to the appeal, has asked for damages for a frivolous appeal. We think, however, that this appeal is not one entitling plaintiff to such damages.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 [1]
 

 Ante, p. 1049.