BRUNOT, J.
 

 This appeal is, by furnishers of material, from a judgment subordinating their alleged liens to a mortgage upon property, which was sold in foreclosure proceedings and adjudicated to the plaintiff. The mortgage was recorded October 7, 1926. An agreement to sell the property, which was executed by the mortgagor, was recorded January 3, 1927. No mention of this agreement is made in the judgment appealed from, and the appellee has answered the appeal and prays that the judgment be amended by decreeing the nullity of that agreement, and, as thus amended, that it be affirmed.
 

 The property was sold for $7,800, a sum insufficient to pay the mortgage indebtedness and other- claims recorded against it, and
 
 *546
 
 the civil sheriff ruled all claimants into court to show cause why their claims should not he referred to the proceeds of the sale and their inscriptions against the property can-celled.
 

 The-judgment on the rule refers all claimants to the proceeds of the sale, annuls all inscriptions against the property, ranks the mortgages according to their respective dates or recordation, and subordinates the claims of all lienors, not reduced to judgment, to said mortgages. Two of the lienors, one a holder of a judicial mortgage, viz., North Rampart Lumber & Supply Company, Inc., and Jordy Brothers Slate Company, appealed. The law of the case is section 12 of Act No. 29S of 1926. We quote the pertinent parts of the section:
 

 “When the owner * * * undertakes the work of constfuction * * * for which no contract has been entered into, * * * then any person furnishing services or material or performing any labor on said building * * * may record in the office of the Clerk of Court or Recorder of Mortgages in the parish in which said work is being done or has been done a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which recordation, if done within sixty days after the date of the last delivery of all material upon said property or the last performance of all services or labor upon the same, by said furnisher of material or said laborer, shall create a lien and privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work of improvement, as his interest may appear. Said lien and privilege, recorded as aforesaid, shall constitute a lien and privilege, against the said property for a period of one year from the date of its filing, unless interrupted by judicial proceeding, during which judicial proceeding said prescription shall not run. * * * Said lien and privilege shall be superior to all other claims against the said land and improvements except taxes, local assessments for public improvements, a bona fide mortgage, or a bona fide vendor’s privilege, whether arising from a sale * * * and resale to and from a regularly organized homestead or building and loan association, if said vendor’s privilege or mortgage exists and has been duly recorded before the work or labor is begun or any material is furnished.”
 

 Each of the appellants contend that it filed its lien within sixty days after it last delivered material or performed services or labor upon the building and, in the alternative, that it recorded its lien within sixty days from the date the building was completed.
 

 The facts as disclosed by the récord are that the building was erected by its owner, who is a builder and contractor, and that it was completed on January 15, 1927, except as to a small item of shelving in two closets, which the owner himself proposed to install at some indefinite future time.
 

 The North Rampart Lumber & Supply Company, Inc., recorded its attested claim as furnisher of materials on May 17, 1927, more than five months after the completion of the building. The Jordy Brothers Slate Company recorded its attested itemized account, for labor and material furnished on May 7, 1927, more than four months after the completion of the building.
 

 The Rampart Lumber & Supply Company show that the owner of the building purchased from it, within sixty days prior to the recordation of its lien, two small items, a pane of glass, to be used in replacing a broken
 
 *548
 
 glass in his house,' and one or two planks for shelving the two closets mentioned supra. On the other hand, it is shown that these were cash purchases, the price of the purchases being offset by an overpayment made by the purchaser to that company in an entirely different transaction.
 

 The Jordy Brothers Slate Company show that a few days before their attested account was recorded, that company repaired a leak which developed in the roof of the building. On the other hand, it is shown that Jordy Brothers Slate Company built the roof under a contract guaranteeing it for one year, and they repaired a defect in the roof in conformity with their guaranty, without charge.
 

 In Hortman-Salmen Co. v. White, 168 La. 1067, 123 So. 711, 715, 716, this court said:
 

 “The correcting of defects, which may appear from time to time in the work, after the building is considered and treated as completed, are not to be counted or deemed as part of the labor contemplated by the statute, in fixing the time, nor should material or services furnished for that purpose be so regarded. Were they so counted, the time within which to record liens might linger indefinitely, depending upon whether defects in the work came to light and were corrected, and the rank of mortgages and other claims against the property might be displaced unreasonably and unexpectedly. As the furnishers of material did not record their claims within 60 days after the last labor was done or the last material furnished, within the contemplation of the statute, our conclusion is that they have lost their privileges, and therefore have none to assert against plaintiff’s mortgage.”
 

 We think it proper to note that our finding of fact in the Hortman-Salmen Co. v. White Case made it unnecessary to determine whether each lienor must record his lien within sixty days from the date of the last work done or the last material furnished by him, or whether his lien may be recorded within sixty days after the completion of the building. It will be our duty to definitely decide that question when it becomes necessary
 
 to
 
 do so to settle litigation.
 

 It is contended by North Rampart Lumber
 
 &
 
 Supply Company that, as the property was adjudicated to the plaintiff in the foreclosure proceedings and the adjudicatee has retained the purchase price thereof, he is only entitled to interest on the mortgage indebtedness to the date of the adjudication. We think this contention is correct as to 90 per cent, of the price of the adjudication, because the adjudicatee has retained and has had the use of that much of the purchase price, but as the adjudicatee deposited 10 per cent, of the price of the adjudication, and by reason of this appeal has been deprived of the use of the property, we think he is entitled to legal interest on $780, the sum of the deposit. The right of the adjudicatee to have the mortgagor’s agreement to sell the property to Matthews-McArthur, Inc., annulled, is not opposed.
 

 For these reasons it is decreed that the judgment appealed from be amended, by awarding appellee Abner K. Northrop legal interest on $780 from June 7, 1928, until the completion of the adjudication; and annulling the agreement of William H. Guy to sell the property foreclosed upon to Matthews-McArthur, Inc., recorded January 3, 1927, in the conveyance office for the parish of Orleans, and, as thus amended, that said judgment be affirmed. The costs of the appeal to be paid by the appellants.