These two cases were consolidated for trial in the lower court and were also consolidated for argument and submission in this court. The same issues are involved in both.
The plaintiff in one of the suits, Norman F. Hicks, was a sub-contractor of Henning-Miller Lumber Co., Inc., which had entered into a verbal contract with the defendant, Richard C. Tate, to erect a dwelling on a lot of ground in Margaret Place Addition to the city of Lake Charles. The contract which was agreed on sometime prior to October 1, 1932, was for $6,700, and being verbal, obviously it could not be and never was recorded. At about the time the contract was made, the main contractor, Henning-Miller Lumber Co., Inc., sub-let the necessary plumbing work to Norman F. Hicks for the sum of $729. Hicks purchased all plumbing supplies and material from N.O. Nelson Co., plaintiff in the other suit, the same amounting to the sum of $450 and he assigned to that company $400 of the amount coming to him on his sub-contract. He had been paid the sum of $150 and claims that there is still due $579 on the contract.
In his petition, Hicks alleges that on May 11, 1939, he filed and had recorded in the mortgage records of Calcasieu Parish, an affidavit setting forth the foregoing facts with a statement of his claim thereto annexed, both of which, he further alleges were recorded on May 17, 1939.
On January 17, 1940, he instituted the present suit against the defendant who was the owner of the property at the time, stating further in his petition that he had not been paid the balance due him on his contract. N.O. Nelson Company joined him in his suit setting out its assignment by him of part of the amount due. Judgment is asked for against the defendant with recognition of the lien which is accorded contractors, materialmen, and laborers under Act 298 of 1926 as amended by Act 323 of 1938, on the basis of the alleged recordation of the affidavit, which, it is contended, operated as such lien against the building and property.
There was some preliminary pleas and motions filed by the defendant, some apparently not having been acted upon by the court but one of which had the effect of making N.O. Nelson Company withdraw as a party plaintiff and forcing it to file an independent suit in which it sets out in its petition that it furnished the plumbing supplies that went into the job to the amount of $450.00, had the necessary affidavit recorded on May 18, 1939, and asked for judgment against the defendant for the full amount of its claim with recognition of its lien and privilege. As the result of what transpired, there are now two suits having the same issues except that in the suit of N.O. Nelson Company the plaintiff asks that its assignment from Norman F. Hicks to the extent of $400 of the amount of its claim be recognized and enforced.
The defense in both suits consists principally of a plea of prescription, or properly speaking one of peremption of one year under Section 12 of Act 298 of 1926, as amended by Act 323 of 1938, a plea of estoppel based on an acknowledgment of payment and of waiver of his lien and privilege alleged to have been executed by Hicks in order to enable the defendant to place a mortgage on the property, and also a denial of the indebtedness claimed, as well as of the right to a lien and privilege, as it is contended that the affidavit relied on by the plaintiff had not been timely recorded. Defendant plead, in further defense, that the Act 298 of 1926, as amended by Act 323 of 1938, is unconstitutional in so far as it purports to grant to the materialman or laborer the right to a personal judgment against the owner of the property on which the lien operates.
At first there was judgment below rejecting the demands of the plaintiffs for recognition and an enforcement of the liens and privileges claimed, but granting each a personal judgment against the defendant, that for the plaintiff, Norman F. Hicks, being in the sum of $129, and that in favor of N.O. Nelson Company in the sum of $450. On rehearing however, the judgment in each case was set aside and judgment was rendered in favor of the defendant rejecting the demand of each plaintiff. A devolutive appeal was taken in each case.
The plaintiffs have now abandoned their claim for recognition of a lien and privilege and are restricting their demand to me for a personal judgment against the defendant. It is to such a demand that the defendant has interposed the plea of one year's prescription or peremption *Page 739 
under the statute, the pertinent provisions of which are to be found in Section 1 of the amending Act 323 of 1938 and from which we quote as follows: "When the owner * * * undertakes the work of construction, improvement, repair * * * for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required by this Act, then any person furnishing service or material or performing any labor on said building * * * may record in the office of the Clerk of Court or Recorder of Mortgages in the parish in which said work is being done or has been done, a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which recordation, if done within sixty days after the date of the last delivery of all material upon said property or the last performance of all services or labor upon the same, by said furnisher of material or said laborer, shall create a lien and privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work or improvement, as his interest may appear. * * * Any person furnishing service or material or performing any labor on said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim for a period of one year from the filing of his claim, as provided in this Section, which right of action shall not prescribe within one year of the date of its recordation, or the reinscription thereof; * * *."
It is apparent from the quoted section of the statute that the right of a materialman or laborer to a personal action against the owner is predicated upon the filing of his claim in the form and under the provisions of the section itself and in instituting his suit within a year from the date of such filing. It is further apparent from the provisions of said section that for such filing to be effective, when the building contract has not been recorded, the materialman or laborer must record a copy of his estimate or an affidavit of his claim or any other writing evidencing the same, in the office of the Clerk of Court or of the Recorder of Mortgages within sixty days after date of the last delivery of all material upon the property or the last performance of all service and labor on the same.
A considerable part of the argument is devoted to the question of proof concerning the allegations made by both plaintiffs that their claims had been filed in the office of the Recorder of Mortgages, but as we have concluded that even though it be conceded that they were filed, under the evidence they were not timely filed and therefore their right to a personal action against the defendant is perempted under the provisions of the statute.
It is elementary, we may say, that all statutory liens are stricti juris and that a party claiming the benefit of one must show that he has complied strictly with the provisions of the law which creates it. The liens in these cases could only come into existence because of the execution and the filing by the plaintiffs of their claims within sixty days of the last delivery of all material on the property or the last work performed on the building, and the burden rested on them to show that they had complied with that provision of the law. This they have failed to do.
The date on which the dwelling was ready to be occupied is fixed as of December 21, 1938, for on that day the defendant's wife was removed there from a hospital in Lake Charles where she had been confined. Both she and her husband testify that when they moved in, except for some minor adjustments that had to be made, all plumbing equipment was functioning as it should. According to their positive testimony, these adjustments were made and completed by January 21, 1939. Hicks himself admits being there for that purpose at that time or during the month of February. He insists however that he returned as late as March 20, 1939 to install a drain cock on the outside of the house. That date, naturally would bring this work within the sixty day period from May 11, 1939, the alleged date of the filing of his claim.
Aside from the serious doubt which grows out of his own evasive testimony and the circumstances surrounding the matter, that he ever did return to the property on or about that date for the purpose he states, we are of the opinion that even if he did, that building which had been occupied as a residence for more *Page 740 
than a month and in which all adjustments had already been made, was, in contemplation of the statute, a completed job and the mere installation of a drain cock more than six weeks thereafter, cannot be considered as part of the labor or service to be performed in fixing the time in which his claim has to be filed in order to preserve a laborer's or materialman's lien.
The doubt we speak of comes from Hicks' own testimony that he deliberately delayed installing the drain cock because, as he states, he was afraid that "the job wasn't going to pay off." He gives no reason nor is any suggested way he should have entertained a fear concerning such a small matter, especially so at that time when he had long since performed all the other work on the contract. Besides, it is difficult to understand why the matter of installing a drain cock which is used partly for protecting water pipes from freezing, should have been left unattended to until the month of March when the real danger of such an emergency existed in January and February, at which time he was doing the corrective work necessary in the plumbing he had installed. To corroborate his testimony with regard to the date he claims to have performed this work, he called Mr. S.S. Crawford, inspector of the sewerage board for the city of Lake Charles, as a witness. Mr. Crawford identified a certain document purporting to have been signed by him on March 20, 1939, to the effect that he had made his final inspection of the building. He did not pretend however to state that that was the date on which Hicks installed the drain cock. He seems to have signed the certificate at Hicks' request after having been told by him that it had been installed.
But, as we have already stated, even though it be conceded that it was as late as he claims that Hicks installed the drain cock, such a minor matter, left unfinished, because of a certain whim of his, cannot be deemed as part of the labor contemplated by the statute in fixing the time for the filing and recording of a laborer's or materialman's claim. In Hortman-Salmen Lumber Co., Inc., v. White, 168 La. 1067, 123 So. 715, 716, the Court distinctly stated: "Of necessity, some time must be fixed for the recordation of building liens to make them fully effective." The time is fixed by the statute as the most, sixty days from the date of the last delivery of all material on the property or the last performance of all services or labor on the building. In these cases, under the proof the most favorable to the plaintiffs, the sixty days expired before May 1, 1939, and as the affidavits and statements were not filed, granting that they ever were filed, until at least May 11, 1939, it follows that they were not timely filed and as their rights to a personal action against the defendant existed only for one year from the timely filing of the lien, the judgment appealed from in each case which in effect sustained the plea of peremption is correct and should be affirmed.
A separate decree will be entered in each suit, the one following to serve in that of Norman F. Hicks v. Richard C. Tate.
For the reasons stated it is now ordered that the judgment appealed from in that case be and the same is hereby affirmed at the costs of the plaintiff, appellant herein.
DORE and OTT, JJ., concur.