Alleging that it had furnished labor and materials of the value of $251.70 for the construction of a frame dwelling on a lot owned by defendants, James F. Brown and wife, in the City of Alexandria, Louisiana, during the period February 5 to April 25, 1947, and that on June 13, 1947 it had filed a lien against this property after the contractors had failed to pay its account after demand, plaintiff filed suit praying for judgment against defendant Brown and his wife, and for recognition of its recorded lien.
Defendants filed an exception and answer admitting that the dwelling was erected on the lot as alleged and that no contract was placed of record, but defended on the ground that the job was completed and fully accepted by defendants on March 20, 1947, and that therefore plaintiff's filing of a lien against defendants' property on June 13, 1947, came more than sixty days after final acceptance and was of no effect, and prayed for judgment rejecting plaintiff's demand and for $50 attorney's fees.
The City Court of Alexandria referred defendants' exception to the merits and after trial granted judgment against defendant and his wife in the amount sued for, and they have brought this appeal.
The record shows that Mr. and Mrs. Brown entered into a contract with the firm of Ball and Ossenbeck for the construction of a dwelling on a lot owned by them in the City of Alexandria. This contract was not recorded.
Plaintiff contracted with Ball and Ossenbeck to do the electrical work, furnishing all material and labor for a total price of $231.71, and work was started on the job on February 7, 1947. An additional charge of $20 was made to cover the cost of a fan circuit not called for in the original plans.
Plaintiff began the electrical work on the Brown house on February 5, 1947, and completed same ready for use on March 10, 1947. Two employees of the company returned on April 25, 1947 for the purpose of installing a Kraus-Hines ground clamp which was required by the ordinance of the City of Alexandria. Plaintiff's witness explained that this type of ground clamp was not available when the work on the Brown house was completed on March 10th and that plaintiff had, with permission of the city electrical inspector, installed a different (but effective) type of clamp. On the day the clamp was changed, plaintiff's employees also discussed with Mr. Brown his complaint that certain of the inside receptacles or plugs would not work satisfactorily, but no work was done on these receptacles and Mr. Brown seems to have been satisfied with the electrician's explanation that the receptacles installed were the best available.
Plaintiff's contention is that its contract to do the labor and furnish the materials for defendants' house was not completed until the Kraus-Hines clamp was installed on April 25th and that the lien filed on June 13th was within the sixty day period required by the applicable statute. Act No. 298 of 1926, § 12.
The defendants, who apparently paid the contractor for the labor and materials furnished by plaintiff, resist on the ground that the statutory time period of sixty days had expired before plaintiff's lien was filed.
The evidence shows that the electrical work on defendants' home was completed by plaintiff on March 10th. The electrical fixtures and system were in complete use after March 29th. The ground clamp installed in March, although it did not meet the requirements set forth in the Alexandria city ordinance, was nevertheless usable and effective.
Under these circumstances, we think the holding of the Court in the case of Hortman-Salmen Company, Inc., v. White,168 La. 1067, 123 So. 715, is applicable, *Page 102 
and, as stated by the Court in that case, the last labor is done and the last service or material is furnished, within contemplation of the lien statute, when the building is treated as completed and the correcting of defects which may appear from time to time in the work after the building is considered and treated as completed, is not to be considered or deemed as part of the labor contemplated by the statute in fixing the time. Otherwise, as the Court in that case observed, the time within which to record liens might linger indefinitely and the rank of mortgages and other claims against the property might be displaced unreasonably.
The above case was cited with approval in the more recent case of Hicks v. Tate, La. App., 7 So.2d 737. In that case, the Court of Appeal for the First Circuit held that the installation of a drain cock some sixty days after the other work was completed did not permit the renewal of the sixty day period in which a lien might be filed.
Plaintiff has argued in brief that the quantity of material last delivered or the amount of labor last performed are not controlling and cited the case of Shreveport Long Leaf Lumber Company, Inc. v. Spurlock, 9 La. App. 224, 120 So. 126, in which the delivery of a single additional yard of gravel nearly ninety days after the job was otherwise completed, had the effect of renewing the lien period.
In the case before us, no additional materials were furnished on April 25th. The cost of the ground clamp was approximately $1.00 and there is no testimony that the clamp first installed was of less value than the replacement clamp installed in April. Plaintiff has cited the Shreveport Long Leaf Lumber Company case, supra, holding that where a city ordinance requires inspection and approval, there can be no last delivery or last performance as respects time for recording liens until after such inspection and approval. This point is not relevant in the case before us as there is no testimony in the record that approval by the City of Alexandria was delayed until after the installation of the new clamp on April 25th.
Plaintiff is claiming the benefit of a lien by virtue of a statute. The burden of showing that his claim comes within the statute is upon the plaintiff. We believe this burden has not been met.
The judgment appealed from is reversed and judgment is now rendered dismissing plaintiff's suit, with costs.