ICENNÓN, Judge.'
Defendant, The -Croswell 'Company, Inc., executed a chattel mortgage and note in the sum of $10,000<00 dated June 22, 1948 and filed for record'June 23, 1948. A 'foreclosure sale in a suit by plaintiff was held June 20, 1949. The mortgaged property brought less than the amount due on the mortgage note. Prior to the above mentioned sale, Miss Lucy L. Bates, alleging that she was employed by t'he defendant mortgagor as a secretary -from February, T947 to May, 1949, and that defendant was indebted to her in the sum of $631.72, representing $10.00 partial wages for December, 1948 and full wages for the period January 1 to May IS, 1949, and that she was entitled to a lien and privilege on the movable property of the defendant seized in plaintiff’s suit, prayed that her claim for wages be recognized as superior to that of plaintiff under its chattel .mortgage, and that same be paid by preference out of the proceeds of the sale.
In answer to the third opposition, United Credit Company, Inc., denied the validity of her claim and, in the alternative, set forth that the property upon which Miss Bates claimed a privilege had been sold under the chattel mortgage duly executed and recorded prior to the acquisition of any lien by in-tervenor, and prayed that Miss Bates’ claim be rejected.
From a judgment of the District Court dismissing her third opposition, Miss Bates prosecutes t'he present appeal.
Plaintiff’s chattel mortgage was executed and recorded in June, 1948. Intervenor entered the employ of defendant in February, 1947, at a monthly wage of $180.00. It is not clear whether her employment was on a monthly or bi-monthly basis, but there was no allegation or proof that the employment was for a longer term than from month to month.
In December, 1948, the company was not in good financial condition and Miss Bates’ wages were reduced to $160.00 per'month. She continued her employment until May IS, 1949, without receiving any further payment of wages except a $50.00 cash advance. At the time she left defendant’s employ, there was due Miss Bates $631.72, representing five months unpaid wages less deductions and the $50.00 cash payment.
The decisive question is whether or not the lien and privilege granted to secretaries (employed prior to the execution of a chattel mortgage) under Articles 3191 and 3214 of the Revised Civil Code is primed by the lien of a holder of a chattel mortgage which was recorded prior to the working period for which wages are due.
The Louisiana courts have recognized the general rule that one asserting a statutory lien must make proof of the essential facts that, place his claim in accord with the legal requisites set forth in the *445 statute creating the lien. See Hicks v. Tate, La.App., 7 So.2d 737 and cases there cited. 33 Am.Jur., par. 50, page 443.
A statutory lien, under Articles 3186, 3191 and 3214, Revised Civil Code, is a right created to secure payment of certain enumerated debts, including “the salaries of clerks, secretaries, * * ■ A lien pre-supposes the existence of á debt and a lien or privilege cannot exist, except as an accessory to the principal debt due the lienholder.- Consequently, a- statutory lien cannot come into existence sooner than the debt or principal obligation secured by the lien.
Intervenor has shown no contract of employment beyond a month to month period. Consequently, there was no debt or obligation due her except for the monthly wages as same became due. To establish her claim, intervenor must plead and prove ■the existence of a debt due her as of June 23, 1948 when plaintiff’s chattel mortgage was recorded. Otherwise, her claim is inferior to that of plaintiff by virtue of Section 4 of the chattel mortgage act which provides that the filing of the chattel mortgage in the proper offices shall be notice to all persons of-its existence and that the mortgage so recorded shall be superior in rank “to any privilege * * * arising subsequently thereto.” Act No. 172 of 1944.
Since intervenor has failed to show that any salary was due her either by virtue of services rendered or under a contract for the rendering of future services as of June 23, 1948, the date plaintiff’s chattel mortgage was recorded, the District Court ’correctly held that the chattel mortgage was superior in rank to intervenor’s claim which arose six months or more subsequent to the time plaintiff’s mortgage was filed for record.
In the case before us, there is no proof that there was any contract of hiring between defendant and intervenor other than on a month to month basis. Consequently, we are not called upon to decide whether or not a secretary under a term contract would be authorized to assert a lien for the full wages contracted for, and effective as of the date of beginning of the term employment. However, the wording- of the codal article, 3214, Revised Civil Code, defining the secretary’s privilege is such as to indicate that its application is limited to wages for time 'already elapsed. This wording is in accord with and supports our conclusion that no lien existed in favor of intervenor until a salary period had elapsed and default in salary payment for such period had occurred.
In an effort to have the date of her original employment accepted as the effective date of her lien and thereby antedate the chattel mortgage lien; intervenor malees the contention that her employment with defendant .was in the nature of a lease of her labor and industry and that her lien and privilege against the movable property of her employer was effective as of the date of the .beginning of her employment. 'Plaintiff, in answer to this contention that her claim for salary was a result of a leasing of industry and that the rules applicable to a landlord’s .lien and privilege were applicable, has cited the case of Mc'Guffin v. Barkett, Pioneer Bank & Trust Company, Intervenor, La.App., 44 So.2d 195, as authority for the fact that a reduction of a monthly rental has the effect of creating a new contract of lease and consequently the' lien for rents due subsequent to the reduction -becomes inferior in rank to a chattel mortgage recorded after the movables were placed in the leased premises but prior to the reduction in rent. In the case before us, it is true that intervenor’s -wages were . reduced in December, -1948. from $180.00 to $160.00 per month, and, considering the $50.00 cash, advance listed in her petition, all the wages claimed are for services rendered subsequent to this change in monthly salary. Under these circumstances, even should it be conceded that the rules applicable to lessor and lessee were applicable to intervenor’s claim, nevertheless, the June 1948 recorded chattel mortgage of plaintiff would be superior in rank to the claim of intervenor.
The judgment appealed from is affirmed, with costs.