ELLIS, Judge.
This is a companion case to the proceedings entitled Munson v. Risinger, and reported in 114 So.2d 56.
The basic facts are substantially the same with the exception of the issuance of the paid receipt and the obtaining of the judgment. In this case a labor and material lien was timely filed after plaintiff’s mortgage was recorded. However, in this case the lien was not perfected under the provisions of LSA-R.S. 9:4812. It is stated in the brief of counsel for defendant in rule that bankruptcy proceedings were filed by Risinger, and the defense is substantially that this action on the part of Risinger suspended the running of prescription on the lien.
While there is not one iota of evidence in this record presented concerning the bankruptcy proceedings either by inclusion of pertinent portions of the bankruptcy proceedings or by stipulation of counsel, except admission by plaintiff as to receiving notice of its filing, attorney for plaintiff admitted the existence of the bankruptcy proceedings referred to by opposing counsel only for the purposes of the arguments presented.
By way of brief 'both counsel argue the effect of the filing of a proceeding in bankruptcy by the debtor. We have decided to pass on the question as presented by counsel, without binding this court should there be a failure to introduce in a future case a proceeding or document upon which a question for decision is presented and based. Here both sides have argued the effect of the filing of bankruptcy and there may be facts shown in such proceeding that could have a material effect upon the outcome. We cannot guess the contents of the proceedings and therefore limit our decision strictly to the question presented.
Counsel for appellant contends that the question presented should be decided under the provisions of the Bankruptcy Act and the 1938 amendment incorporated therein as Section 11 sub. f, 11 U.S.C.A. § 29, sub. f, which is as follows:
“The operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under this title, shall be suspended during the period from the date of the filing of the petition in bankruptcy (1) until the expiration of thirty days after the date of the entry of an order denying his discharge; or (2) if he has waived or lost his right to a discharge, then until the expiration of thirty days after the filing of such waiver or loss of such right or, in the case of a corporation, if no application for a discharge is filed within the period of six months after the adjudication, then until the expiration of thirty days after the end of such period; or (3) until thirty days after the dismissal of the bankruptcy proceedings, whichever may first occur.”
On the other hand, counsel for appellee sets forth in his brief appellant’s argument and the law which he (appellee) depends-upon as follows:
*61 "Appellant argues that it either prevented from or relieved of the necessity of filing suit or reinscribing the lien as required by La. R.S 9:4812 by the alleged petition in bankruptcy filed by defendant Robert E. Risinger. Admitting the existence of such bankruptcy proceedings for the purposes of this argument only, it is submitted that a bankruptcy proceeding involving the principal debtor would not have operated as a bar to or relieved the appellant of the necessity of perfecting its lien by filing suit or reinscribing the same within one year.
“Section 67 of the Bankruptcy Act, 11 U.S.C.A. § 107(b) provides:
“ ‘The provisions of Section 96 of this title to the contrary notwithstanding, statutory liens in favor of employees, contractors, mechanics, landlords, or other classes of persons, and statutory liens for taxes and debts owing to the United States or to any State or any subdivision thereof, created or recognized by the laws of the United States or of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition initiating a proceeding under this title by him or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may ■ nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property, they shall instead be perfected by filing notice thereof with the court’ ”
The uniform jurisprudence under said section provides that where state law requires that suit be filed to perfect or continue a statutory lien, to preserve the lien it is necessary to file suit in accordance with state law or at least to file a proof of secured claim in the bankruptcy proceeding asking recognition of said lien. See numerous cases summarized at 4 Collier on Bankruptcy (J. W. Moore edition, 1942), Section 67.26. There is no showing that the opponent, Sanitary Plumbing took either.
Such judicial demand for recognition of the lien, in lieu of reinscription was necessary under Louisiana law to preserve the opponent’s lien; which, in the absence thereof, expired.
Section 11, sub. f, of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. f, cited by the appellant, to the effect that by the filing of the petition in bankruptcy “the operation of any statute of limitations * * * shall be suspended” during the pendency of the bankruptcy proceedings does not alter the requirement under Section 67, sub. b, above cited, that statutory liens are valid only if perfected according to the requirements of state law. (Emphasis added)
One other point is raised by the attorney for defendant in rule which does not depend upon the facts and circumstances surrounding the bankruptcy proceedings which are referred to only in the appellate briefs. This point is that the work of defendant in rule has never been completed nor accepted so as to commence the running of prescription against the recorded lien in question. It is clear from the record that only minor adjustments needed to be made by defendant in rule on their installations on the premises in question. The necessity to make minor adjustments of this nature does not operate to^ extend the prescriptive period for filing a material lien or labor lien. Electric Contracting Co. v. Brown, La.App.1949, 39 So. 2d 100; Hicks v. Tate, La.App.1942, 7 So. 2d 737; Hortman-Salmen Co. v. White, 1929, 168 La. 1067, 123 So. 71S; Cain v. Central Plumbing & Heating Co., La.App., 85 So.2d 376.
For the foregoing reasons the judgment of the District Court is affirmed.