LeSUEUR, Judge.
The plaintiff in this action, a plumbing firm, served in 1966 as a subcontractor in renovating the defendant’s premises at 304 Chartres Street. As a result of differences concerning price and performance, the plaintiff filed a lien pursuant to LSA-R.S. 9:4812 on January 27, 1966. It then filed suit for recognition of this lien and for a money judgment in the amount of $1,081.59 for work done, plus an additional sum for lien costs.
The trial court upheld the plaintiff on both counts, granting the money judgment and recognizing the lien. The defendant has appealed, but specifies error only in the recognition of the lien. We, therefore, preliminarily affirm the money judgment.
The attack upon the lien is based upon two specifications of error: first, the defendant argues that the erroneous recitation of his name in the lien as Dennis A. George rather than Dennis A. Georges is a fatal flaw; and, second, he contends that the lien was not timely filed.
We see no merit in the first argument. The second, however, raises a question of some substance.
The relevant facts are clear. The bulk was completed prior to September 17, 1966, the date upon which Orleans billed Mr. Georges for $1,081.59, the full amount sued for. At that time, however, Orleans withheld installation of gas cocks on three outlets in an attempt to force payment. This task was not done until just prior to the final inspection on December 28, 1966. The critical question lies in determining whether the completion of the vast bulk of the work on the one hand or the installation of the gas cocks on the other constitutes the last labor done pursuant to the lien statute. Only the installation of the cocks was done within the 60 day limit imposed.
The relevant law is also clear. As the Supreme Court observed in Hortman-Sal-men Co. v. White, 1929, 168 La. 1067, 123 So. 715, at pp. 716-717:
“Of necessity, some time must be fixed for the recordation of building liens to make them fully effective. Cf. Capital Building & Loan Association v. Carter, 164 La. 388, 393, 113 So. 886, and Gleiss- *361 ner v. Hughes, 153 La. 133, 138, 95 So. 529. The statute fixes the time, where no contract was entered into or recorded, at within sixty days from the last labor done on the building or the last service or material furnished. Within the contemplation of the statute, the last labor is one and the last service or material is furnished prior to the time the building is considered or treated as completed. The correcting of defects, which may appear from time to time in the work, after the building is considered and treated as completed, are not to be counted or deemed as part of the labor contemplated by the statute, in fixing the time, nor should material or services furnished for that purpose be so regarded. Were they so counted, the time within which to record liens might linger indefinitely, depending upon whether defects in the work came to light and were corrected, and the rank of mortgages and other claims against the property might be displaced unreasonably and unexpectedly.” (Emphasis added.)
See also, Chambers v. Zeigler, La.App., 207 So.2d 262 (1st Cir. 1968); Taylor Seiden-bach, Inc. v. Healy, La.App., 90 So.2d 158 (4th Cir. 1956); W. M. Bailey & Sons v. Western Geophysical Co., La.App., 66 So. 2d 424 (2nd Cir. 1953); and Trouard v. Calcasieu Building Materials, 1952, 222 La. 1, 62 So.2d 81.
In view of this line of jurisprudence, we must accept the premise that the last labor within the meaning of the statute was done prior to September 17, 1966. The submission of a final bill on that date, in the full amount due, clearly indicates that Orleans itself felt the work already completed, at least for all practical purposes. Moreover, Lloyd Perret, Orleans’ secretary-treasurer, admitted that, as usual practice, final bills were not submitted until the work done is, as he puts it, “99% complete.” In terms of the Hortman-Salmen rule, this evidence seems conclusive.
The judgment is therefore reversed insofar as it recognizes the lien. The award of lien costs is also reversed. The money judgment in the amount of $1,081.59 is affirmed. Costs in the lower court are to be borne by defendant; costs in this court are to be borne by plaintiff.
Reversed in part; affirmed in part; and rendered.