LEMMON, Judge.
The trustees of two separate trusts, which are co-owners of immovable property located in Jefferson Parish, filed this mandamus suit to compel the Clerk of Court to cancel from the mortgage records certain liens for labor and materials which were allegedly recorded more than sixty days after the last delivery of materials or furnishing of services of labor. The trial court ultimately dismissed the suit, and plaintiffs appealed.
The testimony fairly establishes the following chronology of events:
On May 15, 1968 George J. Bode, a building contractor, applied for a building permit and thereafter commenced construction of a brick veneer residence on the *235 subject property as a speculative building venture. Beginning May 27, periodic inspections were made by the building inspector of the Parish Department of Safety and by other Parish regulatory inspection agencies.
In October Bode purchased the ground on which the construction was in progress and mortgaged the ground and incomplete house to plaintiffs on October 23. He then estimated that construction would be completed in one month to six weeks. The testimony of the seller of the land and of one of the trustees substantiated this estimate. Since construction was not complete, plaintiffs withheld $5,000.00 from the proceeds of the mortgage loan.
In November Tillman, the lien claimant who performed all of the plumbing and gas work, completed his subcontracting job, except for installation of a water line and associated connections from the front of the house to the meter location on the front property line (a distance of 20 feet), and of a sewer box for connection to the public sewerage line. This work was never done because Bode never obtained a water meter, and therefore at the time of trial water and gas were still not furnished to the house. Tillman estimated that IV2 hours of labor and $60.00 of material were required to complete this phase of the construction.
In the same month Bode claims to have completed construction and held open house in attempting to sell the property.
On December 2 the building inspector made his eleventh check and found the building structurally complete, although he admitted that he was primarily concerned with structural safety. Two days later an appraiser from the Central Appraisal Bureau found the building complete except for minor finishing work. The seller of the land (who endorsed Bode’s mortgage note to plaintiffs) also inspected that month from the outside and found the house apparently finished, with no materials or work activity at the job site.
On January 10, 1969 plaintiffs released the $5,000.00 held in escrow, after one of the trustees personally inspected the property and obtained a clear lien and privilege certificate.
On April 21 Duffy Lumber Co., Inc. and Duffy Millwork Corporation filed liens as unpaid suppliers of material.
On June 25 plaintiffs acquired the subject property through a judicial sale in a foreclosure proceeding against Bode, and shortly thereafter filed this mandamus suit.
On July 1 and 14 liens were recorded by George Colopy (sheetrock worker), Roy Tillman (plumber) and Frank Brigsten, Inc. (concrete supplier). By supplemental and amended petitions, plaintiffs also sought cancellation of these liens.
It was further established that no certificate of occupancy was ever issued, since this is only done after compliance certificates are obtained from the electrical, plumbing and mechanical inspectors. These were never obtained, and the electrical inspector testified that no electrical permit was even applied for. He further stated that the sheetrock or paneling in two or three rooms selected at random would have to be opened by cutting an eight inch wide hole from the ceiling down to the fixture, in order to permit inspection of the wiring covered by the walls.
From the above the trial court concluded that the building was in a substantially incomplete condition as of the time of trial because major tearing out of walls and ceilings would have to be performed to obtain approval of the electrical system. Judgment was rendered dismissing the mandamus suit.
Since plaintiffs first learned at the trial that an electrical inspection had not been obtained, they applied for a new trial, contending that they had obtained an electrical inspection after the original trial and that no major tearing out of walls and ceilings was necessary for the inspection, as shown by photographs included in an offer of *236 proof. They also attempted to show the actual cost of corrective electrical work and sheetrock repair. The motion was denied.
Since no contract was entered into or recorded, LSA-R.S. 9:4812 is applicable. It specifies that any person furnishing service or material or performing any labor on the building, in order to preserve his privilege, must record an affidavit of his claim “within sixty days after the date of the last delivery of all material upon the said property or the last furnishing of services or the last performance of labor upon the same”, (or within sixty days of the filing of an affidavit of completion, which is not applicable here, since none was filed).
The sole issue in this case is when, if ever, the lien period began. Each claimant has the burden of proving that his lien wás timely recorded. Hortman-Salmen Co., Inc. v. White, 168 La. 1067, 123 So. 715 (1929).
There is no evidence whatsoever of any material delivered or labor or services performed after November, 1968. However, the lien claimants contend that the building was neither completed nor substantially completed at the time the liens were filed, and the filings were therefore timely.
The concept of “substantial completion” is a creature of the jurisprudence, used by the courts to determine the beginning of the lien period in cases where liens are filed within sixty days of the performance of minor corrective or remedial work, but more than sixty days after the building was substantially completed.
In Hortman-Salmen Co., Inc. v. White, supra, the Supreme Court held that R.S. 9:4812 contemplates that the last labor, service or material be furnished prior to the time the building is considered or treated as completed. The correcting of defects (fixing a leak in the roof in that case) after the building is considered or treated as completed is not deemed as part of the labor, services and materials contemplated by the statute. If such work were considered to come under the statute, the lien period could be extended indefinitely, and the rank of mortgages and other claims against the property might be displaced unreasonably and unexpectedly.
This court also refused to allow persons furnishing service or materials to extend the lien period by withholding minor finishing work after the vast bulk of the construction has been completed. See Orleans Plumbing Shop, Inc. v. George, 244 So.2d 360 (La.App. 4 Cir. 1971); Louisiana Plumbing and Heating, Inc. v. Miranne & Harris, Inc., 181 So.2d 261 (La.App. 4 Cir. 1969).
In other situations, such as where a portion of the building is completed and occupied and another portion is never completed, it has also been held that the lien period commences when the building is considered or treated as completed. Cain v. Central Plumbing and Heating Co., 85 So.2d 376 (La.App. 1 Cir. 1956).
Thus, the courts have used the doctrine of substantial completion to effectively shorten the lien period or, more properly stated, to prevent the period from being unreasonably extended. The doctrine was not intended to allow the period for filing a claim to be extended, and we refuse to do so in this case.
However, citing Shreveport Long Leaf Lumber Co. v. Spurlock, 9 La.App. 224, 120 So. 126 (2 Cir. 1928), claimants contend that a last delivery of materials or last furnishing of services or labor cannot occur until municipal or parochial inspection and approval is obtained, since additional materials and labor might be required if the mandatory inspections reveal deficiencies in the installations.
We choose not to follow this case, since its effect is to extend indefinitely the period within which to assert the privilege.
If a final regulatory inspection in due course after completion of a building caus *237 es substantial additional work to be performed within sixty days of that completion, perhaps the period for asserting the privilege would then be deemed to start when the additional work is completed. See 53 Am.Jur. 2nd, Mechanics’ Liens, § 203. These are not the facts in the present case where there was neither an inspection nor additional work. Here, the last work was performed in November and the first lien was filed in April.
A claimant knows when he performed his services or delivered his materials, and he knows whether or not he has been paid. It is not necessary to a claimant, nor is it fair to an owner or mortgagee, to extend the beginning of the lien period far beyond the date of the last furnishing of materials, services or labor simply because no inspection has been obtained.
Privileges are dependent upon compliance with the statute under which they are conferred. Since the claimants have not proved that their claims were recorded within sixty days of the last furnishing of materials, labor or services, they have not met the burden of proving compliance with the statute.
Accordingly, the judgment of the district court is reversed and judgment is rendered in favor of plaintiffs, ordering the Honorable William M. Justice, Jr., Clerk of Court, to cancel from the mortgage records of the Parish of Jefferson the inscriptions of affidavits filed by Duffy Lumber Co., Inc. on April 21, 1969 and recorded in MOB 528, folio 891; by Duffy Millwork Corporation on April 21, 1969 and recorded in MOB 528, folio 891; by George Colopy on July 1, 1969 and recorded in MOB 532, folio 662, as amended and recorded in MOB 533, folio 497; by Roy Tillman, d/b/a Tillman Plumbing Company on July 1, 1969 and recorded in MOB 532, folio 663, as amended and recorded in MOB 533, folio 497; and by Frank Brigsten, Inc. on July 14, 1969 and recorded in MOB 533, folio 232.
All costs are assessed to appellees.
Reversed and rendered.