HOOD, Judge.
Albert K. Newlin, Inc., instituted this suit against Weingarten Markets Realty *595 Company and Miller & Associates Construction Company, Inc., for the balance due on a contract between Newlin and Miller, and for recognition of a material-man’s lien on property owned by Weingar-ten. Weingarten filed a third party demand against Miller to recover any amount which the former might be condemned to pay plaintiff. Judgment was rendered in favor of plaintiff against both defendants, in solido, for the amount demanded, with recognition of the lien claimed by plaintiff. Judgment also was rendered in favor of Weingarten and against Miller in the third party action. Weingarten has appealed. We affirm.
The principal issue presented is whether plaintiff timely filed an affidavit of its claim, as provided in LSA-R.S. 9:4812, and thus whether plaintiff is entitled to recover against Weingarten.
In 1968 Weingarten entered into a contract with Miller for the construction of an addition to the former’s shopping center in Lake Charles. Under that contract Wein-garten was to pay Miller $194,680.77 for the work performed, and Miller was to pay for all materials and labor required, including the amounts due sub-contractors engaged by Miller to perform work on the project. The contract between Weingarten and Miller was not recorded, and no bond was ever required or furnished.
On December 10, 1968, Miller entered into a sub-contract with plaintiff, Newlin, for the installation of air-conditioning and heating equipment in the addition, and it agreed to pay Newlin $23,926.00 for this work.
Construction of the project commenced on February 5, 1969. Weingarten has occupied the new addition since September 8, 1969, although the construction work had not been completed by that time. Newlin submitted five estimates or invoices to Miller as the work progressed, the last such estimate having been submitted on September 26, 1969. This last invoice recites that plaintiff is entitled to the sum of $3,226.00, that being the balance due on the air-conditioning and heating sub-contract, and thus it implies that Newlin had completed all of the work required of it under that contract. This balance has never been paid.
On September 29, 1969, the consulting engineers on the project inspected the building and reported 27 items which needed to be completed or corrected by the contractor or sub-contractors in order for there to be a full compliance with the original construction contract. The first two items listed, relating specifically to the installation of air-conditioning by plaintiff, were:
(1) No unit drains as shown on drawings.
(2) HVAC-3 does not have motorized outside air damper as shown on the drawings.
Eight other items of work to be done, relating to the installation of air-conditioning and heating by plaintiff, were listed in this report of the consulting engineers.
Plaintiff, through one of its officers, then wrote to Miller on October 22, 1969, advising that “ * * * all the items requiring corrections have been done,” and in that letter all ten of the requirements of the consulting engineers relating to air-conditioning were listed, indicating that there had been a full compliance with all of those requirements.
The evidence shows that despite the representations contained in the above mentioned letter, the unit drains and the damper motor mentioned in the report of the consulting engineers actually had not been installed at that time, but that instead they were installed by Newlin on January 29, 1970. Newlin’s president explained that the fourth and fifth invoices submitted by Newlin had not been paid by Miller, and that he had learned that the principal contract had never been recorded and that no bond had been furnished by the general contractor. He stated that he was worried *596 as to whether Newlin would get paid, and that the letter of October 22 was sent to provoke a final inspection so that he could settle the question of payment before completing his contract. Regardless of whether his reasoning was sound or unsound, the fact is that Newlin did not install the unit drains or the damper motor, as required by the sub-contract, until January 29, 1970.
On March 26, 1970, Newlin filed an affidavit of its claim in the mortgage records of Calcasieu Parish, reciting in that affidavit that Miller is indebted to it for $3,226.-00, and that the last delivery of materials to the Weingarten job was made on January 29, 1970. The claim has never been paid, and this suit was filed on July 1, 1970.
Defendant Weingarten resists plaintiff’s demands, insofar as they are directed against that defendant, on the ground that Newlin failed to record its lien, or an affidavit of its claim, within 60 days after the date of the last delivery of all material upon the Weingarten property, as required by LSA-R.S. 9:4812.
The cited section of the Revised Statutes, LSA-R.S. 9:4812, provides that under circumstances such as are presented here, the furnisher of materials may preserve a privilege on the building and the property by recording in the mortgage records an affidavit of his claim “within sixty days after the date of the last delivery of all material upon the said property * Plaintiff takes the position that the last delivery of materials occurred on January 29, 1970, and its lien thus was filed within 60 days of that date. Weingarten argues that the work done by plaintiff on that date was “corrective” work only, that the job actually was completed several weeks before that time, and that the 60 day period allowed for filing’ liens had expired before the affidavit of Newlin’s claim was filed on March 26, 1970.
Defendant points out, correctly, that the provisions of LSA-R.S. 9:4801-4812, being in derogation of the common rights of owners and mortgagees, must be strictly construed, and that they are not to be extended beyond their express terms. Pringle Associated Mortgage Corporation v. Eanes, 208 So.2d 346 (La.App. 1 Cir. 1968); Pennington v. Campanella, 180 So.2d 882 (La.App. 1 Cir. 1965).
Within the contemplation of the above cited sections of the Revised Statutes, the 60 day period allowed for filing liens begins to run at, or not later than, the time the building is considered or treated as having been completed. The correction of construction defects which may appear from time to time after the building is considered to have been completed, are not to be considered as being part of the labor or materials furnished for the construction project, and thus the performance of mere “corrective” work after the building has been completed will not extend the time allowed for filing liens. Hortman-Salmen Company v. White, 168 La. 1067, 123 So. 715 (1929); General Lumber and Supply Company v. McLellan, 200 So. 501 (La.App. 1 Cir. 1941); Hicks v. Tate, 7 So.2d 737 (La.App. 1 Cir. 1942); Electric Contracting Company v. Brown, 39 So.2d 100 (La.App. 2 Cir. 1949); Cain v. Central Plumbing and Heating Company, 85 So.2d 376 (La.App. 1 Cir. 1956) ; Taylor Seidenbach, Inc. v. Healy, 90 So.2d 158 (La.App.Orls.1956); and Munson v. Risinger, 114 So.2d 56 (La.App. 1 Cir. 1959).
We have concluded that the work performed and the materials furnished by plaintiff on January 29, 1970, constituted a part of the construction of the building and not merely corrective work. One of the circumstances which we have considered in arriving at that conclusion is that the unit drains and the damper motor were essential parts of the air-conditioning or heating system, they had never been installed prior to January 29, 1970, and the installation of those items on that date thus cannot be considered as the correction of defects in the work which previously had *597 been done by the contractor or sub-contractors.
We find no merit to defendant’s argument that the construction work was completed on September 8, 1969, when Wein-garten occupied the addition; or on September 26, 1969, when Newlin submitted its last estimate; or on September 29, 1969, when an inspection was made by the consulting engineers; or on October 22, 1969, when Newlin advised Miller incorrectly that the requirements of the consulting engineers had been met.
The evidence shows that it is a common practice for the owner to take possession of and to begin using the building before construction has been completed. And we find that none of the parties here regarded the building as having been completed when Weingarten began using it.
Miller submitted its final estimate in July, 1969, long before anyone contends that the work was completed, and at or about that time it was paid all but the re-tainage of ten percent of the contract amount. On August 1, 1969, which was several weeks before Newlin submitted its last estimate, Weingarten voluntarily advanced Miller $14,968.07 of the retainage (leaving a balance of $4,500.00 still due on the contract) to enable Miller to pay all sub-contractors and to obtain receipts from them. Miller did not use the money advanced to it for that purpose, and Wein-garten must have realized that the sub-contractors had not been paid since no receipts showing such payments were furnished to Weingarten thereafter. Weingarten has never paid Miller the balance due on the contract, but is still holding a part of the retainage, even though it takes the position here that the delay allowed for filing liens expired at least four months before New-lin’s lien was recorded.
LSA-R.S. 9:4812 provides that the owner may file an affidavit that the work has been completed, and that the 60 day period allowed for filing liens will begin to run from the date of the recordation of such a document. No such affidavit was filed by Weingarten here. The statute, of course, does not require that such an affidavit be filed to mark the beginning of the 60 day period, but it is a circumstance which we feel may properly be considered with the other facts here, especially since Weingarten had advanced funds to Miller to pay these sub-contractors, and it supposedly was endeavoring to avoid the possibility that liens might be filed against its property.
Our conclusion is that the work performed by plaintiff on January 29, 1970, was not merely corrective work, and that the 60 day period allowed for filing liens began to run on that date. The affidavit of Newlin’s claim was timely filed, therefore, and we find no error in the judgment of the trial court condemning Weingarten and Miller, in solido, to pay the balance due on plaintiff’s sub-contract, and recognizing the lien claimed by plaintiff on the Weingarten property.
The judgment appealed from is affirmed. The costs of this appeal are assessed to defendant Weingarten.
Affirmed.