DOMENGEAUX, Judge.
Plaintiff-appellant, J. W. Delahoussaye & Sons, Inc., initiated this proceeding seeking recognition of its materialman’s lien on the property of defendant, Clovis J. Dardeau, Jr., and further seeking personal judgment against him. From a judgment of the trial court dismissing his claims, plaintiff has appealed.
The sole issue presented on appeal is whether or not plaintiff’s lien was timely filed in accordance with the Private Works Act. LSA-R.S. 9:4812.
In the early part of 1978 defendant, Clovis J. Dardeau, Jr., owned and operated a small grocery store in Ville Platte, Louisiana. Around the same time he decided to build a new and larger store behind his old one, and immediately commenced work thereon. Defendant contracted out the work himself, and did not enter into or record a construction contract.
During the course of this project, the defendant hired and contracted with Charles Goudeau, d/b/a Stelly Builders,[1] to perform a certain part of the work on the roof of the new building for the sum of $36,813.00. Charles Goudeau in turn entered into a sub-contract agreement with plaintiff to finish and install the roof deck system on the building for the sum of $9,833.00. When plaintiff was unable to secure the payment due him by Charles Goudeau for the work performed,[2] a lien was filed herein on March 6, 1979, against the property of the defendant, and thereafter this suit for a money judgment and for recognition and enforcement of that lien was commenced.
No reasons were rendered by the trial judge for his decision, but in light of the fact the sole issue at trial, as here, was whether or not the lien was timely filed, we must conclude by his dismissal of the plaintiff’s action that he found the lien to be *1253 filed untimely. For the reasons hereinafter stated, we find the trial judge committed manifest error in failing to recognize the validity of the materialman’s lien herein.
LSA-R.S. 9:4812 provides:
“When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required, the owner or his authorized agent may file an affidavit that the work has been completed, then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, an affidavit of his claim, which recordation, if done within sixty days after the date of the affidavit of completion or if no affidavit of completion is filed within sixty days after the date of the last delivery of all material upon the said property or the last furnishing of services or the last performance of labor upon the same, by the said furnisher of material or services or the said laborer, shall preserve a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have furnished service or material or performed any labor in connection with the said work or improvement, as his interest may appear. (Emphasis added).
* * * »
Pursuant to the cited provision, and since no affidavit of completion was ever filed, the time period for filing the lien in this case did not expire until sixty (60) days after the date of the last delivery of materials, last furnishing of services, or the last performance of labor on the new store. Since the lien herein was recorded on March 6, 1979, it is clear that plaintiff’s lien was timely filed if the last date of delivery of materials, furnishing of services, or performance of labor was January 5, 1979, or later.
Without dispute two significant occurrences relative to the completion of the new store took place after January 5,1979. The old store was razed, and in its place a parking lot was constructed to accommodate the new one; and installation of the refrigeration equipment was completed, i.e., charging the system, checking for defects, and setting the controls.
The defendant candidly admitted at trial and in deposition that the razing of the old store and the construction of the parking lot in its place was an integral part of the construction of the new store as originally envisioned.[3] We find that the construction of this parking area alone represents delivery of equipment and/or performance of labor within the meaning of LSA R.S. 9:4812, supra, and as such, the time delays for filing plaintiff’s lien did not begin to run until after its completion in late January or early February of 1979. McGill Corporation v. Dolese Concrete Company, 201 So.2d 125 (La.App. 1st Cir. 1967); Albert K. Newlin, Inc. v. Weingarten’s Markets Real *1254 ty Company, 253 So.2d 594 (La.App. 3rd Cir. 1971). Accordingly, plaintiffs lien filed on March 6, 1979, was timely.
Although we find that the building of the parking lot in and of itself shows that the new store project was still under construction in late January or early February of 1979, our position, recognizing the timeliness of plaintiffs lien, is further bolstered by the record which clearly indicates that completion of the refrigeration system in the new store did not take place until some time after January 5,1979. The installer of the refrigeration system, Sherman Roberts, testified that part of the overall job on any installation project includes charging and testing the system upon completion, which cannot begin until after the electricity is connected. Mr. Roberts further testified that he spent at least two days setting the controls, testing the newly installed equipment, and charging the refrigeration system. According to Mr. Roberts, this testing and charging of the refrigeration system is not touch up or repair work as defendant contends, but rather this last check is considered as the final stage of the completion of the system as a whole. Mrs. Melba Brou, a Central Louisiana Electrical Company representative, testified that the electricity at the new store was not connected until January 5,1979. Therefore services continued to be rendered and labor performed in completion of the refrigeration system beyond January 5,1979, and for these reasons as well as those stated above, the time delays for filing the labor and material-man’s lien had not run by the time plaintiff’s lien was filed.
Additionally, plaintiff contends that the time delays for filing his lien did not begin to run until after the completion of a compressor shed in middle to late January of 1979. At a glance it appears that plaintiff’s contention is probably correct, but inasmuch as we have concluded that both the construction of the parking lot and the completion of the refrigeration system occurred less than sixty days prior to the filing of plaintiff’s lien, we see no reason for further elaboration.
For the above and foregoing reasons the judgment of the district court is reversed, and it is hereby Ordered, Adjudged, and Decreed that there be judgment in favor of plaintiff, J. W. Delahoussaye & Sons, Inc., and against defendant, Clovis J. Dardeau, Jr., in the sum of Nine Thousand, Eight Hundred Thirty-three and no/100 ($9,833.00) Dollars, plus the additional sum of Fifty-five and no/100 ($55.00) Dollars for costs incurred in the recordation of the privilege,[4] with seven percent (7%) per an-num interest on said sums from March 6, 1979, until September 12, 1980, and ten percent (10%) per annum interest thereon thereafter until paid. It is further Ordered, Adjudged, and Decreed that there be judgment recognizing the validity of plaintiff’s materialman’s lien found in the mortgage records of Evangeline Parish in Book No. 182 at page 766 on the property described as follows:
“That certain parcel of ground located in Evangeline Parish, Louisiana, and believed to be in the City of Ville Platte, being the property and improvements thereon belonging to Clovis J. Dardeau, Jr., located on North Dupre Street, and on which is located the Dardeau Grocery Store. Said property is believed to be lots one (1), two (2) and three (3) of Block No. Six (6) of J. Ellis Dupre Subdivision for the town of Ville Platte, acquired by Clovis J. Dardeau, Jr., from Douglas J. Ardoin on or about February 13, 1965 by Act Number 232745.”
All costs at trial and on appeal are to be taxed against defendant-appellee, Clovis J. Dardeau, Jr.
REVERSED AND RENDERED.

. The record is silent as to whether Stelly Builders is a separate corporate entity or whether it merely represents the trade name employed by Charles Goudeau for his business. For the purpose of this opinion we will refer to Stelly Builders as Charles Goudeau.

. After completion of the work on the roof of the new building Charles Goudeau was paid in full after which he filed for bankruptcy. Evidently this is the reason Charles Goudeau failed to pay plaintiff for the work performed.

. At trial defendant testified concerning his intent to construct the parking lot from the outset as follows:
“Q. Let’s put the house aside at the beginning. When you started this project from the very beginning it was your intention to build a new store and tear down the old store and build a parking lot where the old store was to serve the new store. Is that correct?
A. That is correct.
Q. This was not an idea that came after the original construction began?
A. No sir.
Q. Would it be fair to say that the total work including the construction of the new store, tearing down the old store, and building of this parking lot was one project? OBJECTION: BY MR. FRUGE, Counsel for Defendant:
Your Honor, I am going to object to that question. I think that is a matter for the Court to decide and not for the witness to be able to answer.
BY MR. deLAUNAY, Counsel for Plaintiff:
Your Honor, I think it’s a question of fact that the witness can answer. I think he has already answered the question but I was trying to get it a little more succinctly stated.
BY THE COURT:
He said yes. He answered yes.

. See LSA R.S. 9:4801.