AYRES, Judge.
In this action plaintiff, as a subcontractor performing labor and furnishing materials, and as the transferee and assignee of a similar account and lien of another subcontractor, seeks to recover of the owner and the principal contractor for labor performed and materials furnished in the construction of a residence for the owner pursuant to a contract entered into between the owner and Bruce Hopkins, the general contractor. Plaintiff further prayed that his liens and privileges as a performer of labor and as a furnisher of materials be recognized and enforced. Although cited, the general contractor *329 made no appearance; nor was a preliminary default entered against him. There was judgment, however, against the named defendant as the owner of the property for $1,480, with recognition and maintenance of plaintiff’s labor and ma-terialman’s lien. The defendant appealed.
The defense tendered by John Dehan, the owner of the property improved, is twofold, (1) that the liens were not timely filed and (2) that the accounts were not established by the proof.
The facts material to a consideration of the first of defendant’s contentions may be briefly summarized. Dehan entered into a contract with Bruce Hopkins for the construction of a residence on Lot Six, Pierremont Circle, in the City of Shreveport. The contract, although in writing, was not recorded. Nor was any bond required by the owner or furnished by the contractor. Liens evidencing plaintiff’s claims were filed for record June 2, 1958. LSA-R.S. 9:4812 provides that when the owner undertakes the work of construction of improvements upon real estate for which a contract has been entered into but has not been recorded, any person furnishing service or material or performing any labor upon the improvements shall have a lien and privilege upon said improvements, as well as the land upon which the improvements are situated, provided he shall record in the office of the clerk of court or recorder of mortgages of the parish in which said work is done an estimate, affidavit or other writing evidencing his claim within 60 days from the date of the last delivery of material upon the property or the last performance of services or labor upon said construction. Therefore, since the liens were unquestionably filed for record as of June 2, 1958, the date of the last performance of labor or of the furnishing of the last materials is very material.
The defendant, Dehan, testified he and his family began moving into this residence March 20, 1958, under a gradual process, completed finally April 10, 1958, and that as he had the carpets laid and the drapes hung on April 2 and 4, 1958, respectively, the construction of the house was complete, although after April 8 or 10, 1958, adjustments were made in light fixtures and a clock, as well as the rewiring for a washing machine. Prior to occupying the aforesaid residence, defendant occupied an apartment at 316 Gregg Street in Madison Park. Utility services to that apartment were discontinued on April 14 or 15, 1958, and on the same day similar services were provided at the new residence.
Plaintiff produced an invoice dated April 10, 1958, showing there were purchased on April 7, 1958, from H. H. Bain Roofing Company, Inc., eight bags of white marble chips for use in completion of a marble surfaced roof on the residence, the application of which constituted the last work done by this plaintiff. Moreover, two employees of the E. B. Burnette Electrical Company worked eight hours each on May 9, 1958, in completing the electrical work, such as installing the plugs in the walls and hanging fixtures, as covered by the original contract. Hopkins testified to the completion of certain carpenter work prior to April 10, 1958. The last payroll covering the job was made April 15, 1958. This covered work of the previous week,
Mr. T. A. Flaxman of the firm of Van Os & Flaxman, architects, who prepared the plans and supervised the work, testified that a payment of $3,597.83 was made on the contract price on April 7, 1958, which left a balance on said price of approximately five percent of the original contract. This retainer was for the purpose of assuring the completion of items not then accomplished on the job, as well as corrective work, the doing of which, particularly the aforesaid marble surfacing of the roof, was characterized by him *330 as a normal process in the completion of the work.
While there were adjustments and corrections in the meantime and subsequently made, their consideration is unimportant in considering whether or not the liens were timely filed. The materials furnished and the labor performed, as heretofore referred to, constitute an integral part of the contract as originally contemplated, the performance and furnishing of which were indispensable to a completion of the residence in accordance with the contract. The record, in our opinion, establishes that this labor was performed and the material furnished within the 60 days immediately preceding the filing of the aforesaid lien.
As to the second of the contentions, plaintiff’s contract with the general contractor required the furnishing of said materials and the doing of certain labor for a consideration of $1,039. The subcontract between Hopkins and Robert H. Greenlee, doing business as American Roofing & Sheet Metal Works, was of a similar nature and for a price of $691, upon which the evidence discloses Green-lee had been paid $250, leaving a balance of $441, which he transferred and assigned to plaintiff herein. The evidence is convincing that the work subcontracted was performed. The unpaid balances due upon these accounts were proven.
From a consideration of the entire record, we are unable to point out any manifest error in the conclusions reached by the trial court on either of the contentions made by defendant, in view of the statute, LSA-R.S. 9:4812, which provides :
"Any person furnishing service or ■material or performing any labor on the said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim * * (Emphasis supplied.)
For the reasons assigned, the judgment appealed should be and it is hereby affirmed at appellant’s cost.
Affirmed.