GLADNEY, Judge.
Plaintiff brought this action for the enforcement of a materialmen’s and labor men’s lien and privilege upon certain residential property, and'for personal judgment against the principal contractor and the owner. The district court rendered judgment against the contractor and rejected the demands of the plaintiff against the owner. Plaintiff has appealed.
The material facts are that John H. Dehan employed Bruce H. Hopkins, the contractor to erect a residence on Lot 6 of the Pierremont Circle Subdivision of the City of Shreveport. The contract between the parties was in writing but no performance bond was required, nor was the contract recorded. During the course of construction plaintiff furnished materials and' labor used in the construction of the house in the sum of $1,324.41. His petition asserts that his contract for the furnishing of labor and materials was completed some time during March, 1958, and that the residence was not completed until April 15, 1958.
The defense asserts the date of the completion of the job within the contemplation of the lien law occurred more than sixty days prior to the filing and recording of plaintiff’s lien on June 11, 1958. Plaintiff also filed a plea of estoppel, asserting the defendant, Dehan, and his architect induced petitioner to delay filing the lien to his prejudice.
Resting his decision upon the testimony of Dehan and his wife, the trial; judge determined the home was completed as of March 24, 1958, and that the remainder of the work then unfinished and performed subsequent to that date was of a minor nature. Accordingly, he rejected in toto the demands of the plaintiff against the defendant owner.
 The determination of the date of completion from which the sixty-day period for the filing of a lien must be computed presents a factual question. We take ju *108 dicial notice that this court gave consideration to the validity of a lien filed by James Groves against the same property and involving the same owner and contractor. We refer to Groves v. Dehan et al., 1959, 113 So.2d 328. In that case we held plaintiff’s liens filed for record on June 2, 1958, were timely filed, basing our opinion largely upon proof that certain roofing material was delivered to the subject premises on April 7, 1958; and that on May 9, 1958, two employees of the E. B. Burnette Electrical Company worked eight hours each in completing the electrical work, such as installing plugs in the walls, and hanging fixtures, as covered by the original contract. Upon the trial of this cause, the contractor, Bruce Hopkins, testified he considered the job as completed about the 15th of April, because on April 12th or later he put in a partition separating the servants’ quarters from the main entrance, built a gate in the brick wall on the front lawn and did other work. The supervising architect, T. A. Flaxman, upon being questioned by counsel for plaintiff, was asked to state whether or not on July 17, 1958, he had told the attorney for plaintiff that the earliest possible date the job could be said to have been completed was April 15th. The witness refused to deny making this statement. Under date of April 9, 1958, the architect certified to the owner that the work was ninety-five per cent completed and justified a partial payment on the contract of $3,597.83, leaving five per cent to be held thirty days as provided in the contract. Other evidence indicates that electrical, gas and water service was available on April 14, 1958. Hopkins testified he made a payroll covering work on the job on April 15th and another on May 1, 1958. No formal certificate of completion was ever executed.
The circumstances indicate only that Dehan moved into the unfinished and incompleted house on or about March 24, 1958, as was his privilege. The evidence, we also think, shows that substantial work was required for the completion of the contract between the dates of April 11th and April 15, 1958, and thereafter. The work required subsequent to April 11th was more substantial than trivial items or corrections of defects, such as received the consideration of this court in the case of W. M. Bailey & Sons v. Western Geophysical Company, Inc. et al., 1953, 66 So.2d 424, 427, wherein we said:
“ * * * The correction of defects, making minor adjustments, etc. and furnishing of material or services for such purpose are not a part of the labor, material or services- within the meaning of the statute in fixing the time for filing of the lien. Hortman-Salmen Company v. White, 168 La. 1067, 123 So. 715; Electric Contracting Company v. Brown, La.App., 39 So.2d 100; Hicks v. Tate, La.App., 7 So.2d 737; General Lumber & Supply Co. v. McLellan, La.App., 200 So. 501.”
It is our finding, therefore, that plaintiff’s lien was timely filed in accordance with the statute, LSA-R.S. 9:4812, which also provides :
“Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or subcontractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim * *
The timely filing of the lien also entitles plaintiff to a personal judgment under the above statutory provisions.
In accordance with our findings as here-inabove set forth, the judgment from which appealed is annulled, reversed, and set aside, and it is ordered, adjudged and decreed that there be judgment in favor of Windham Woodwork and Supply Company, Inc., and against the defendants, Bruce H. Hopkins and John H. Dehan in solido in the sum of $1,324.41 together with legal interest from judicial demand.
*109 It is further ordered that plaintiff’s mate-rialmen’s and labor men’s lien and privilege be and the same is hereby recognized and maintained upon the following described property, to-wit:
“Lot 6 of the Pierremont Circle Subdivision of the City of Shreveport, Caddo Parish, Louisiana, as per map in Book 700, Page 191, being a resubdivision of Lot 1 and a portion of Lot 2, Block A, Oak Hills Subdivision, as per plat recorded in Conveyance Records of Caddo Parish, Louisiana, in Book 250, Page 67.”
Defendants are taxed with all costs.