ELLIS, Judge.
This matter comes before us on defendant’s appeal from a judgment of the district court ordering cancelled a lien filed by Big River Plumbing, Inc., against certain properties on which plaintiff was general contractor.
The record reveals that certain plumbing work was performed on ten properties by either J. D. Zeigler or Big River Plumbing, Inc., a corporation with which Zeigler was associated. The work on all of these jobs was physically completed and accepted by the F.H.A., owner of the houses, on or before June 29, 1966. The lien complained of herein was filed on November 25, 1966. Since there was no recorded contract for the work performed by either plaintiff or defendant herein, the lien period was 60 days from the date labor was last performed or material last furnished on the job. R.S. 9:4812.
Defendant showed on the trial of the case that the final inspection of these jobs, required by an ordinance of the City of Baton Rouge, was not made until October, 14, 1966. He contends that this latter date is the one from which the delay for filing of the lien should begin to run and that the lien was timely filed.
Section 118 et seq. of the plumbing code of the City of Baton Rouge provides for application for a permit and the inspections of work done pursuant thereto in the City of Baton Rouge. Section 121 provides that “upon completion of the work, the plumber shall so advise the Plumbing Inspector who shall, within one working day, inspect the said work.” Section 119 provides that the failure on the part of the plumber to notify the Inspector of the final completion is considered a major violation of the plumbing-code.
The testimony reveals that the defendant herein had forty-three permits outstanding in the month of October, and that the Plumbing Board refused to issue him any further permits until such time as final inspections were made under these permits. Consequently, on October 14, all forty-three jobs were inspected and approved by *264 the Plumbing Inspector. No additional work on any of the jobs was necessary in order to obtain the approval of the work done. The record further reveals that of the ten houses involved in this case, nine of them had been sold by the F.H.A. and were occupied by the purchasers, and the utilities had been turned on, despite the failure of the defendant to obtain the final inspection.
We must, therefore, decide whether, under these circumstances, the failure of the plumber to obtain the final inspection will act to extend the lien period until such time as the inspection is made.
Defendant relies on the case of Shreveport Long Leaf Lumber Co. v. Spurlock, 9 La.App. 224, 120 So. 126 (1928), in which the decision is predicated on the assumption that the lien was not filed within 60 days after the job was ready for inspection, but was filed within 60 days after the inspection was made. In that case, however, the testimony shows that the plumbing work had never been completed and that more work had to be done before a complete inspection could be made. Since the holding is not based on the facts set forth in the opinion, it can be considered as dictum only and we find it neither binding nor persuasive.
The case of Cox v. Rockhold, 14 La.App. 170, 128 So. 702 (1930), which is also relied on by defendants, bases its opinion not on the fact of the final inspection, but upon the fact that work called for under the contract was done subsequent to the time of the final inspection. We think that the better rule is that expressed in Hortman-Salmen Co. v. White, 168 La. 1067, 123 So. 715 (1929), wherein the Supreme Court said:
“Within the contemplation of the statute, the last labor is done and the last service or material is furnished prior to the time the building is considered or treated as completed. The correcting of defects, which may appear from time to time in the work, after the building is considered and treated as completed, are not to be counted or deemed as part of the labor contemplated by the statute, in fixing the time, nor should material or services furnished for that purpose be so regarded. Were they so counted, the time within which to record liens might linger indefinitely, depending upon whether defects in the work came to light and were corrected, and the rank of mortgages and other claims against the property might be displaced unreasonably and unexpectedly.”
We believe that the inspection should be a fact to be considered in determining when the work was completed, but that the time at which it is made should not be controlling in making that determination. In this case, it is clear that the delay in making the inspection is due solely to the fault of the defendant in failing to carry out the explicit provisions of the Baton Rouge Plumbing Code. He cannot now profit by his own omission.
Under all of the circumstances of this case, we are of the opinion that the work was completed no later than June 29, 1966, and that the lien complained of herein was filed more than 60 days thereafter.
For the above and foregoing reasons, we are of the opinion that the judgment appealed from is correct, and it is hereby affirmed with all costs of this appeal to be paid by the appellant.
Affirmed.